## TORSAK v. RUKAVINA.

No. 4371.   Decided May 11, 1926.   (246 P. 367).

1. TRIAL. Where plea of res adjudicata is properly sustained, failure of court to make specific findings respecting plaintiff's contentions is not erroneous.

2. WATERS AND WATER COURSES—TO ESTABLISH RIGHT TO WATER, PERMITTED BY OWNER TO FLOW DOWN STREAM UNUSED, PLAIN- TIFF MUST ALLEGE AND PROVE ABANDONMENT. That owner of water permitted it to flow down stream unutilized *held* to give another no right to claim water without alleging and proving legal abandonment by owner of right to use it by not applying it to beneficial use for seven years or more, or without alleging and proving actual and intentional abandonment.

3. WATERS AND WATER COURSES. To acquire right to use water, plaintiff must show that it was public water, subject to appro- propriation, and that he appropriated it as provided by statute.[1]

Appeal from District Court, Second District, Weber County; *J. N. Kimball,* Judge.

Action by Mary Torsak against Eli Rukavina. From a judgment denying plaintiff relief as to her first cause of action, she appeals.

AFFIRMED.

*R. S. Farnsworth,* of Ogden, and *King & Schulder,* of Salt Lake City, for appellant.

*Chez & Douglas,* of Ogden, for respondent.

FRICK, J.

The plaintiff in this action sought to recover judgment upon two causes of action. She recovered upon the second cause of action only. In view that there is no appeal upon the second cause of action, we shall not refer to it further.

The relief sought by the plaintiff in her first cause of action was purely equitable. The plaintiff prayed judgment

---

[1]*Deseret Livestock Co.* v. *Hooppiania* (Utah) 239 P. 479.

Corpus Juris-Cyc. References:
[1] Trial 38 Cyc. p. 1969 n. 99.
[2] Waters 40 Cyc. p. 727 n. 62, 64.
[3] Waters 40 Cyc. p. 701 n. 83; p. 713 n. 72.

that the defendant be enjoined from interfering with certain water which she claimed the right to use upon her land. The defendant in his answer, in addition to the affirmative defense of res adjudicata, also pleaded a counter-claim in which he alleged that he was the owner of the water in question; that the plaintiff interfered with his water rights; and prayed that the plaintiff be enjoined from interfering with his right to use the water in question.

The district court of Weber county found the issues raised upon the defendant's affirmative defense and counterclaim in favor of the defendant.

Both parties in their pleadings refer to a prior judgment set up by the defendant in his plea of res adjudicata which was entered in the district court of Weber county in May, 1920, and in which the court trying this action found that the water in question had been adjudged to belong to the defendants in that action who were the predecessors in interest of the defendant in this one. At the trial of this action, among other things, it was stipulated that the plaintiff in this action claimed under and succeeded to all the rights of the plaintiff in the former action against whom the former judgment or decree was entered as aforesaid; and it was further stipulated that the defendant in this proceeding claimed under and succeeded to all the rights of the defendants in the former action and in whose favor the judgment or decree in the former action was rendered. After finding in favor of the defendant upon other issues which it is not deemed necessary to refer to specifically, the court, in respect to the plea of res adjudicata, found as follows:

"The court further finds that on the ———day of May, 1920, this court entered a decree in the action wherein John F. Morrison was plaintiff, and Hannah Metzler, Clara S. Rosewater, Roy Hadlock, and the state of Utah were defendants in an action of this court, numbered 6764; and the court further finds that said John F. Morrison was and is the immediate predecessor in interest of this plaintiff, and said defendants were and are the immediate predecessors of this defendant, and that the subject-matter set out in plaintiff's amended

complaint, first cause of action, is the same subject-matter adjudged in said decree; that the water alleged and set out in plaintiff's amended complaint, the source of which is from the Beus Springs herein mentioned, is the same water covered and adjudged by said decree. The court further finds that said decree is in full force and effect, and not appealed from, and, therefore, binding upon this plaintiff, and that the title and ownership in and to said water has been fully adjudicated, and stands res adjudicata. The court further finds that the decree restraining this plaintiff from using, interfering, or in any way asserting any right, title, or interest in and to the water described in plaintiff's amended complaint, first cause of action, and also hereinbefore described, adverse to this defendant, and the court finds that plaintiff has no right to use or attempt to use said water, or any part of it, nor any title or interest therein whatever. The court further finds that the allegations of plaintiff's complaint, first cause of action, thereof, are not sustained by the evidence."

After making findings and conclusions of law in favor of the defendant, the court entered a decree or judgment dismissing plaintiff's first cause of action, from which judgment she prosecutes this appeal and assigns error respecting the findings and judgment.

It is insisted that the court erred in not making special findings upon certain questions. It is also insisted that the court erred in dismissing plaintiff's first cause of action and in refusing to enter judgment in her favor with respect to the use of the water which she claimed the defendant permitted to run to waste.

With respect to the alleged error that the court failed to make specific findings respecting plaintiff's contentions, it is a sufficient answer to state that, if the court's findings, conclusions of law, and judgment are right upon the question of res adjudicata, the findings—that plaintiff insists should have been made would have been entirely immaterial even though they had been made. In other words, if the court was right in finding and adjudging that the plea of res adjudicata was sustained, then the findings that plaintiff insists should have been made would in no way have affected the result, and hence those findings, even if made, would have been useless.

Another answer is that, althought the testimony of the plaintiff's witnesses that within the last three or four years immediately preceding the trial of this action the defendant permitted a small quantity of water to flow down a certain creek or water course was uncontradicted, yet, in view of the finding upon the plea of res adjudicata, that had no effect, and could have had none, upon what the findings and judgment should be. The mere fact that the defendant permitted some water belonging to him by virtue of the former decree to flow down the stream in question would give the plaintiff no right to claim that water, without alleging and proving that defendant had legally abandoned the right to use the same by not applying it to a beneficial use for a period of seven years or more, or without alleging and proving that he had actually and intentionally abandoned his right to the use of said water. In order to acquire a legal right to the use of the water, the plaintiff would be required to show that the same was public water, subject to appropriation, and that she had appropriated the same as provided by our statute. See *Deseret Live Stock Co.* v. *Hoopiania*, (Utah), 239 P. 479. She made no attempt either to allege or prove any of the foregoing prerequisites, but all that her witnesses testified to was that the defendant, in the last three or four years, had permitted some water to flow down the water course aforesaid. That was not enough. If the right to the use of all of the water in question was in the defendant as adjudged in the former action, he would not lose the right to reclaim it at any time within the seven-year period provided in the statute, unless it were shown that he had actually and intentionally sooner abandoned. Plaintiff neither alleged nor proved any of the foregoing prerequisites, and hence she has no cause for complaint, unless the court's findings and judgment respecting defendant's plea of res adjudicata are not supported by the evidence. As to the latter, the plea was sustained beyond reasonable doubt, and hence the plaintiff must fail in her contention.

By anything hereinbefore said or omitted we do not wish to be understood as holding that one may not put water owned by another which is permitted to run to waste to a beneficial use so long as the owner permits it to run to waste. Water in this arid region is too precious to be wasted. What we hold, however, is that, where such is the case, the owner may reclaim his water by applying it to a beneficial use at any time within the seven-year period after which the statute declares it to be abandoned as matter of law. True, he may intentionally abandon it sooner. If that be the case, however, it must be alleged and proved. If it were true, therefore, that the defendant permitted some water to run to waste, yet that, standing alone, would give the plaintiff no right to bring an action in court to restrain him from interfering with her use of his water. He could reclaim his own as hereinbefore indicated, and no court could prevent him from doing so.

The foregoing sufficiently disposes of all the questions presented on this appeal, and hence it is unnecessary to prolong this action.

In view of the record, the judgment of the district court of Weber county is right, and, therefore, should be, and it accordingly is, affirmed, with costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.