FORBES v. BUTLER et al.

No. 4639. Decided June 7, 1928. Rehearing Denied December 21, 1928. Second Petition for Rehearing Denied March 27, 1929.
(275 P. 772.)

524

*Fisher Harris* and *E. A. Walton,* both of Salt Lake City, for appellant.

*Sam Cline,* of Milford, and *Wilson & Barnes,* of Salt Lake City, for respondents.

GIDEON, J.

This case is here on a second appeal. The opinion of the court upon the former appeal is reported in 66 Utah, 373, 242 P. 950. Reference is here made to that opinion for a statement of the facts in controversy.

The action was instituted on July 20, 1923. The purpose was to establish the existence of a joint venture between Forbes and Butler, and to secure an accounting of the profits of such venture. Issues were joined and a trial

had in June, 1924. The trial court then found that there had been no joint venture and dismissed the action. The plaintiff appealed, and this court reversed the finding on the question of a joint venture, and established and confirmed the existence of such joint venture. This court concluded its opinion as follows:

"It is contended by his counsel that Butler incurred expenses in effecting a sale of the land to the extent of several thousand dollars. Whatever legitimate expenses were incurred in connection with the joint venture by either party to the contract will be, in the first instance, for the trial court to determine.

"It is therefore ordered that the agreement of joint venture between the plaintiff and defendant Butler referred to in the pleadings be, and is hereby, established and confirmed; that an accounting between the parties should be had for the purpose of determining the net profits, if any, resulting from the joint venture; that the cause be remanded to the trial court, with directions to proceed accordingly to determine such net profits, if any, after allowing Butler compensation commensurate with what he had been making, and, if net profits are found, to adjudge that each of the parties to said joint venture agreement be entitled to one-half thereof, and enter judgment accordingly. * * *"

From this court's mandate it thus appears that the trial court was required to take an accounting between the parties and to enter judgment in favor of the plaintiff for one-half of the net profits, if any, of such joint venture.

As indicated, the essence of the action originally was, first, to establish a joint venture, and, second, to secure an accounting of the profits. This court determined that a joint venture existed, and directed an accounting. Right or wrong the judgment of this court became the law of the case upon the issues actually determined, and is binding not only upon the parties to the proceeding, but upon both this court and the trial court. 3 Words & Phrases, Second Series, page 37.

Subsequent to the filing of the remittitur from this court in the district court the defendants were permitted to amend their answer. In such amendment defendants alleged an

abandonment of the joint venture on the part of plaintiff on or about January 15, 1923. The trial court then proceeded to take evidence, and declared an accounting between the parties. The court's findings are lengthy, and it is impracticable to state the substance of all of them here. The court found that the total commissions and interest collected by Butler on the sale of the land held under option, the subject-matter of the venture, was $10,123; that the total expenses incurred by Butler in the joint venture was $2,596.76; that the reasonable value of Butler's services in aid of the joint venture was $600 per month, and also that Butler had devoted services therein and thereto for a period of seven months. The court below fixed the amount of such reasonable compensation at $4,200. The sum of $100 interest was allowed Butler for money expended by him in promoting the interests of the joint venture. These amounts were deducted from the total commissions received which left the net profits, as the court found, to be divided between Forbes and Butler, $3,326.24. Judgment was entered against Butler and in favor of Forbes for one-half of that amount, to wit, $1,663.12, with legal interest from May 5, 1926.

This appeal is by plaintiff, and the assignments relate to the rulings of the court, allowing, as alleged, excessive amounts for expenses incurred and an excessive amount as reasonable compensation for services rendered by Butler in the promotion of the enterprise, and failure on the part of the trial court to allow interest to plaintiff from the dates upon which the commissions were received by Butler to the date of the judgment.

It appears from the testimony taken both upon the accounting and at the first hearing of this action that Butler obtained the option upon the real property without any assistance or suggestion upon the part of, and in fact without the knowledge of, appellant Forbes; that the first conversation had between Forbes and Butler re-

specting the sale of the land held under option was during the month of October, 1922; that Butler sought to interest Forbes in assisting him in handling the enterprise; that it was the understanding that Forbes should receive no salary; that Butler should receive compensation for his services. It likewise appears that all of the moneys expended in promoting the interests of the joint venture were advanced by Butler. It nowhere appears that Butler requested Forbes to advance any of that money; nor does it appear that Forbes ever offered or tendered the advancement of any money for use in advancing the interests of the enterprise. Forbes devoted little or no time, money, or effort in advancing, or in behalf of, the enterprise. The testimony of both parties is that Forbes was to keep the office at Cedar City and do the clerical work. He did devote some time to the interests of the enterprise during the months of November and December, 1922, and the early part of January, 1923. The extent of his efforts was very limited, however. After January 15, 1923, according to his own testimony, he neither advanced money nor gave time to the interests of the enterprise. The sale was finally consummated by Butler on or about June 5, 1923. During all of the time from the date of the option, to wit, September 10, 1922, until the end of February, 1923, and much of the time thereafter until June 5, 1923, Butler devoted his entire time and efforts to the consummation of the sale of the land held under option. It is shown without any dispute that during November and December, 1922, Forbes had other employment that required at least some of his time, and that after January 15, 1923, he had other employment and other interests which in the very nature of the employment and interests required his entire time and effort. Had the issues raised by the pleadings at the date of the first trial included the defense of abandonment of the enterprise by Forbes, a finding that there had been such abandonment would have had support in the evidence. The trial court, on the accounting, made a finding that Forbes had so abandoned the

enterprise but based no judgment and decree upon such finding that Forbes was not entitled to participate in the profits of the venture. No appeal is taken from that part of the trial court's judgment on the accounting, hence the finding and the trial court's apparent view upon that question have no place in the record, and the question is not before us for determination. The essence of appellant's contention here is that the amounts credited to Butler are excessive and without support in the evidence. We have with some labor examined the testimony in the record before us respecting the claims of Butler as to his expenses. It must be conceded that the trial court was liberal in fixing the amount of such expenses. Butler had, however, given his opinion as to the expenses incurred and the money expended. The court did not in all cases allow Butler the full amounts that he claimed. The amounts allowed, considered in connection with the nature of the claimed expenditures and the object sought by such expenditures, in the way of hotel bills, etc., are not so exorbitant or beyond the probable amounts actually expended as to justify this court, in the face of the record, to disturb such findings. We have therefore concluded not to disturb the findings in any way as regards the expenses allowed and deducted from the amount of the commissions received by Butler. Neither Forbes nor Butler kept any books or record of the expenses incurred from day to day or at all. Nor were vouchers taken for payments made or for any of the amounts expended by Butler in promoting the interests of the joint venture. Butler had at different periods been engaged as a traveling salesman. He based his estimates for hotel bills and traveling expenses to some extent at least upon his experiences as a traveling salesman. In any event we find no reason to disturb the trial court's findings respecting the expenses of Butler while traveling in the interest of the enterprise.

The finding of the trial court that Butler was entitled to $600 per month for compensation for his services is vigor-

ously assailed by appellant. In the accounting Butler was permitted to go far afield in determining what was a reasonable compensation for the services he had rendered. The court heard testimony as to salaries and commissions which he had received while in the employ of others in the city of Chicago from the years 1912 to 1914. Objection was made to the testimony showing Butler's income during those years. The court intimated that in its judgment that was too remote to be admissible or to be of any aid or assistance to it in passing upon the question under consideration. It is likely, therefore, that that testimony had no influence upon the court in determining the amount of compensation which was awarded Butler. Clearly, it was not within the contemplation of the directions of this court that salaries or other income which Butler had received during the years from 1912 to 1914 should control, or were to be considered, in fixing the compensation to which Butler was entitled. The trial court also heard the evidence of two witnesses, a Mr. Hardy who is referred to as a "land attorney, abstractor, and real estate dealer," and a Mr. Mitchell, designated as a "dealer in real estate, stocks, and bonds," as to the reasonable value of the services rendered by Butler in the sale of the real estate held under option, and which constitutes the essence of the joint venture between Butler and Forbes. The effect of Mr. Hardy's testimony is that such services were worth $583 per month. That of Mr. Mitchell's testimony is that such services were worth from $600 to $700 per month. This testimony went in under the objection of appellant. This testimony was not admissible to prove any issue to be determined by the trial court upon the accounting as directed by the mandate of this court. That mandate is to the effect that Butler should be allowed compensation "commensurate with what he had been making." In the very nature of things the value of the services of any one promoting a business or proposition of the kind that these parties had undertaken can hardly be said to be a subject of proof by expert testi-

mony, in the absence of an agreement, either express or implied, that the party claiming compensation should be allowed reasonable compensation. The amount of compensation either party in a partnership or joint venture is entitled to receive, in the absence of contract otherwise, is dependent upon the profits made from such joint venture. The former opinion of this court recognized that there was an undertsanding or agreement that Butler should receive compensation for the time devoted to the interests of the joint venture. The court in that opinion also determined the standard by which that compensation should be measured. Possibly the writer of that opinion recognized the difficulty that the trial court would encounter in an effort to arrive at the amount of compensation to be awarded to Butler, and was induced for such reason to lay down a standard of measurement. However that may be, the opinion did so announce a rule by which the trial court should be governed in fixing the compensation to which Butler is entitled.

The finding of the trial court fixing Butler's compensation as $600 per month, in our view of the testimony, is not only contrary to the great weight of the evidence, but in fact is not supported by any substantial evidence. ∎ Butler owned property in Lund, a small village in Iron county, this state. His testimony is that he ran a drug store in that town from the month of September, 1920, to June 1, 1922. It is true he makes one statement during the giving of his testimony upon the accounting that that business netted him about $600 per month. He was the owner of the building and paid no rent. His wife gave her time, or much of it, to the interests of this drug business, and it does not appear that she received any compensation for her services. In his testimony at the first hearing Butler at no time claimed that he had received in the way of net profits $600 per month from that business. His testimony was in fact that he made $100 per month in the drug business while located at Lund up to June 1, 1922. Save

and except the one statement during Butler's examination upon the accounting, there is nothing anywhere in the record to support a finding that he had been receiving $600 per month prior to entering upon this joint venture. His own testimony at the former hearing does not support that finding. On July 1, 1922, Butler sold his stock of merchandise for the sum of $1,700. Thereafter from that date to September 10, 1922, the date of the option, he was engaged in selling automobiles. His testimony is that during the first two months he made little above expenses; that from August 15th to September 10th he received in the way of commissions on sales and profits on automobiles bought and sold by him from $1,200 to $1,500. Averaging the amounts made by him in the way of commissions on sales and profits on cars sold upon his own account and his profits on his drug business it appears that he at no time had an income to exceed $400. The finding of the trial court allowing Butler $600 per month as compensation, in our judgment, has no support in the evidence. Such finding is therefore disapproved by us, and a finding is here made fixing such compensation at the sum of $400 per month.

The trial court found that the total commissions and interest that Butler received as a result of the sale of the land held under option was $10,123. That finding is also challenged as being contrary to the evidence. It stands undisputed that the total commissions received by Butler up to and including June 5, 1923, was $4,250. Thereafter, on May 8, 1924, he received $1,079.17, $250, and $829.17; on May 1, 1925, the further sum of $2,075, and on April 3, 1926, $1,951.55. This makes a total of $10,434.89. Butler accounted for none of these amounts to Forbes. The expenses incurred by Butler in promoting the joint enterprise and the compensation to which he is entitled should be first charged against the commissions received as profit in the joint venture. After that is done, the parties are entitled to share jointly and equally in the net profits.

The written memorandum of decision prepared by the

trial court and found in the record before us makes it
quite apparent that that court was influenced some-
what in fixing the amount of compensation to which
Butler was entitled by reason of the fact that Butler had
borne the brunt of this enterprise, had taken all the chances
of loss by mortgaging his private property in order to pro-
cure money with which to promote the enterprise, and had
at all times been the moving spirit in it; had acquired the
option without assistance from Forbes, and that Forbes had
contributed little, if any, to the success of the venture which
without Butler's efforts would have ben a failure. There
is much force in the reasoning of the trial court, but, in
view of the directions of this court as to the standard by
which the lower court should determine or measure the com-
pensation, it must be clear that those considerations were
not proper elements for the court to consider in fixing But-
ler's compensation. In the course of the memorandum the
trial court quotes from *McMullen* v. *Hoffman* (C. C.) 75 F.
at page 552, as follows:

"There was such an entire failure on McMullen's part to fulfill
his obligations in the contract that Hoffman would, in my judgment,
have been justified in treating the contract as abandoned by Mc-
Mullen; and this was threatened. It is only from the fact that
Hoffman continued to recognize McMullen's relation in the business,
by regularly charging for his own services, that I am justified in
treating the partnership relation as having continued. The entire
burden was upon Hoffman, and it involved not only the conduct of the
business of constructing the work, but all the money responsibility
that attached to it; and this goes to increase the amount to which
Hoffman is in good conscience entitled for his services, on which
account he is entitled to be paid at the rate charged."

There is one other matter that requires notice. The Iron
Springs Sheep Company was made a party defendant, and
was served with process at the institution of the action in
1923. The sheep company was the owner of the property
covered by the option. In the option agreement that com-
pany was obligated to pay commissions as it received pay-
ments from the purchaser procured by Butler. It had not

received full payment, nor had it paid Butler his full commission at the institution of the action. It is alleged in the complaint that Butler is insolvent, and by making the sheep company a party defendant it was sought to impress a lien in favor of Forbes upon all moneys still due and payable to Butler from the sheep company by virtue of the sale of the land covered by the option. The trial court, in its judgment on the accounting, dismissed the action as against the sheep company. That ruling is assigned as error. There is no contractual relation between the sheep company and Forbes. The only excuse or basis for joining the sheep company in the action was the alleged insolvency of Butler. There is no testimony to establish or show that Butler is or was so insolvent. The trial court therefore did not err in dismissing the action as against the sheep company.

The finding of the trial court fixing the compensation to which respondent Butler is entitled at $4,200 is set aside, and the finding ordered made fixing his compensation for services at $2,800. In all other respects the findings are affirmed. The cause is therefore remanded to the district court of Iron county, with directions to so modify its findings and to make its judgment conform to the findings as modified. Costs on this appeal will be divided equally between Forbes and Butler.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.

## On Petition for Rehearing.

PER CURIAM. A petition for rehearing, or, if rehearing be not granted, then for a modification of the court's judgment on this appeal has been filed by appellant Forbes.

This is the second appeal in this case. The opinion on the first appeal is reported in 66 Utah 373, 242 P. 950. The finding of the court on the first appeal was that a joint venture between Forbes and Butler was established, and the cause was remanded for an accounting. In the petition

for rehearing or modification it is insisted that an error was made in computation in fixing the amount of the judgment to which Forbes is entitled; also that Butler should have been charged with interest; and that there was an error in affirming the judgment of the district court and approving that court's judgment dismissing the action against the Iron Springs Sheep Company.

It is apparent from an examination of the opinion of the court that an error was made in not including in the total amount of the judgment one-half of the item $311.89. That amount, to wit, $155.94, should be added to plaintiff's judgment.

It appears that the sale of the property upon which Butler had an option was consummated on or about June 5, 1923. A payment on the purchase price of the property was made on that date, and the pro rata amount of the commission to which plaintiff and defandant were entitled was received by Butler at that time. Other payments were made at later dates. This suit was instituted July 18, 1923. Subsequent to the institution of the action other payments were made by the purchaser of the property to the sheep company, and from the amounts so paid the commissions were paid to Butler out of each payment.

As is stated in the opinion in this case, a finding on the former appeal, that a joint venture existed between Butler and Forbes, is conclusive and binding on the parties to this action, and likewise upon the trial court, and this court in the further determination of the rights of the parties. Testimony was adduced at the trial on the accounting that quite conclusively established that the appellant Forbes did nothing to carry to a successful consummation the purpose of the joint venture, namely, the sale of the property held under option. The limited time that can be given to a further consideration of this case precludes a discussion here of the authorities or of the facts involved. We shall therefore content ourselves by merely stating what we conceive to be our duty in the premises.

The Iron Springs Sheep Company was made a party to the original action, and thus had notice of the claim of plaintiff of his interest in the commissions to be ■ paid by that company for the consummation of the sale. By reason of such fact it also had notice when it subsequently made payments to Butler that Forbes claimed an interest in the commissions so paid. As a result of the litigation Forbes established his right to an interest in the commissions thereafter paid by it.

Our former judgment will be modified as follows: The amount which plaintiff is entitled to recover will be increased in the sum of $155.94. Interest will be allowed on the total amount to which plaintiff is entitled from the date of the judgment on accounting, that is, the date of the judgment from which this second appeal is taken. The order affirming the trial court's judgment dismissing the complaint against the Iron Springs Sheep Company is reversed, and the trial court is directed to enter a joint judgment for the amounts indicated above against Butler and the Iron Springs Sheep Company. In all other respects the opinion as written is reaffirmed.

Petition for rehearing denied.