## SCHULDER v. ELLIS et al.

No. 4793.  Decided February 21, 1930.  (286 P. 620)
Rehearing Denied April 16, 1930.

*Sanford & Rogers,* of Salt Lake City, for appellant.

*Dickson, Ellis, Parsons & Adamson,* of Salt Lake City, for respondents.

## FOLLAND, J.

This case is here on a second appeal. The facts are fully set forth in the opinion rendered in 66 Utah 418, 243 P. 377, 383, and will not be repeated here. The proceeding is one in equity for an accounting between former partners of a law firm. The case was remanded for the taking of testimony, making of findings, and conclusions with respect to one item only. That item was a $40,000 fee which was paid Messrs. William H. Dickson and Adrian C. Ellis, Jr., for services rendered to the Silver King Coalition Mines Company in the Silver King Conkling Case. On the former appeal it was determined that the services of Messrs. Dickson and Ellis in the United States Supreme Court were not performed pursuant to the contract of employment made with the firm when Mr. Schulder was a member thereof, but that after the decision of the United States Circuit Court of Appeals there was a new employment of Messrs. Dickson and Ellis alone, and that Mr. Schulder was not entitled to a pro rata share of the total fee on the theory that it was partnership business. In the prevailing opinion Mr. Chief Justice GIDEON, after so deciding, refers to an additional finding made by the trial court, Judge Barnes, which is:

"The court further finds that in fixing the fees for the United States Court work in said cause Dickson and Ellis took into consideration the amount of the fees theretofore received by them when they were unsuccessful and that the $40,000 fee charged was to cover not only services rendered in the United States Supreme Court but other services theretofore performed for which an adequate fee had not been paid when the firm representing said company was unsuccessful in the lower courts."

The Chief Justice then says this with respect thereto:

"That finding, in our judgment, has support in the evidence. It is reasonably deducible from the history of the litigation. Whatever part or portion of that fee was for services rendered by appellants prior to the affirmance of the judgment by the Circuit Court of Appeals the respondent is entitled to his pro rata share. The court made no finding as to the value of the services rendered by appellants subsequent to the affirmance of the judgment by the Circuit Court of Appeals, and there is not sufficient data in the record from which the

*court could make such a finding. In order, therefore, that complete justice be done between these parties, it will be necessary for the trial court to take additional testimony and determine the value of the services rendered by appellants subsequent to the affirmance of the judgment by the Circuit Court of Appeals and to credit appellants with such amount, if the court finds the value of such services to be less than the fee actually rendered, to enter judgment in favor of respondent for his pro rata share of the difference under the old partnership agreement."*

There was a concurring opinion written by Mr. Justice Frick, concurred in by District Judge Wight, and a dissenting opinion written by Mr. Justice Cherry, concurred in by Mr. Justice Thurman. While no specific mention is made of the particular finding quoted above in either of the other opinions, it is evident that at least ■ two of the justices concurred with Mr. Chief Justice Gideon in sustaining that finding. The finding of Judge Barnes quoted above thus becomes a conclusive finding in the case. The court, in approving that finding, decided "that the $40,000 fee charged was to cover not only services rendered in the United States Supreme Court but other services theretofore performed for which an adequate fee had not been paid when the firm representing said company was unsuccessful in the lower courts." The decision of this court on this issue became the law of the case, and is binding not only upon the parties to the proceeding, but is also binding upon this court and the trial court. *Forbes* v. *Butler* (Utah) 275 P. 772.

The case was retried in the district court and is here for review upon findings, conclusions, and judgment in favor of respondents. The findings made by the trial court on the second hearing are, in substance, that this fee was received by Messrs. Dickson and Ellis for services rendered wholly in the Supreme Court of the United States, and was not received by them in whole or in part for any services rendered in any other court or at any other time or place whatever, and also that such sum was reasonable compen-

sation for such services in the Supreme Court. The trial court evidently proceeded on the theory that the entire question with respect to whether the $40,000 fee was to cover not only services rendered in the Supreme Court of the United States but other services theretofore rendered for which an adequate fee had not been paid was open for adjudication, and as a result made findings directly in conflict with and contrary to the finding made by the trial court on the first hearing and sustained by this court.

On the second trial there was dispute as to the meaning and scope of the mandate of this court. The plaintiff there contended that the $40,000 fee received by Messrs. Dickson and Ellis at the conclusion of the litigation in question paid for not only the services which were rendered by those gentlemen subsequent to the affirmance of the decision by the Circuit Court of Appeals, but also compensated them in part for the services rendered prior thereto, because prior services had been inadequately compensated, and that such was the decision of this court in sustaining the finding of the trial court made at the first trial, and that the district court, on the second trial, was bound to accept such findings as an established fact in the case. The same contention is made by appellant now. He insists that the district court erred in making the findings referred to which were contrary to and inconsistent with the former finding approved by this court. Respondents, on the contrary, contended in the court below that this court did not in its decision hold that a portion of the $40,000 fee so paid to them was in consideration of services rendered prior to the decision of the United States Circuit Court of Appeals, and contended further that the only duty resting on the trial court by the mandate from this court was to take additional testimony for the purpose of determining the value of the services rendered by respondents subsequent to the decision of the Circuit Court of Appeals, and, if the reasonable value of such services was less than the sum of $40,000, then and in that event to render judgment in favor of plaintiff for

his pro rata share of whatever sum the court might determine the $40,000 fee was in excess of a reasonable fee for such services. The trial court adopted the view of defendants, and thus made findings and conclusions, and rendered judgment consistent therewith.

While the decision and mandate of this court is not wholly free from ambiguity, we think it reasonably clear what is intended thereby. The whole paragraph must be read together. The direction to the trial court with respect to the taking of testimony must be read in connection ■ with the finding, which was approved and made the basis for the mandate to the district court to proceed further in the matter. The fact that some part of the $40,000 fee was paid to compensate for services prior to the decision of the Circuit Court of Appeals had been decided and settled. The only question remaining for determination was what portion of such sum is to be allocated to such services and what part is the reasonable compensation earned and to be retained by Messrs. Dickson and Ellis for their services in the Supreme Court of the United States.

At the second trial both parties were permitted to introduce testimony consistent with the theory of the case that each advocated. Plaintiff and defendants each introduced three lawyer experts who testified with respect to what was a reasonable fee. The experts for plaintiff, answering a hypothetical question framed to cover the issues as plaintiff regarded them, and viewing the litigation as one continuous employment, answered that a reasonable fee for the services performed in the Supreme Court of the United States was between $15,000 and $20,000, or not to exceed $20,000. The three experts called by defendants, answering a hypothetical question framed in the light of the theory advocated by the defense, and basing their testimony upon such question, answered that a reasonable fee for the services of defendants in the Supreme Court of the United States was between $40,000 and $50,000.

In view that the trial court on the second trial failed to give the finding made by the trial court at the first trial, which was approved by this court, such force and effect as it was entitled to as a fact found, we are confronted with two alternatives: One is to again remand the ■ case to the district court with specific directions to permit the introduction of additional testimony, if thought advisable by counsel for the parties, and to then make findings, conclusions, decree, and judgment consistent with this opinion. The other is for this court to go into the testimony and determine whether or not proper findings and conclusions may be made from the testimony already in the record.

Having in mind that this is an equity case, that it has been twice tried and is now here on a second appeal, we are of the opinion that justice between the parties may best be served by bringing the litigation to a close. To again remand the case for further trial would cause a useless expenditure of effort and money. After a careful reading of all the testimony in the transcript, we are convinced that justice between the parties requires that we direct findings, conclusions, and judgment.

Mr. W. M. Bradley, one of the respondents' witnesses, on direct examination testified that in his opinion a fee of $45,000 or $50,000 would not be unreasonable for the services in the Supreme Court. This witness was cross-examined at great length. In the course of the cross-examination, counsel for plaintiff stated:

"There was evidence in the case before that it was claimed by the Dickson firm that they had not been adequately paid for the services which had been theretofore rendered, and that in view of that fact the defendant company, the Silver King Company, paid them $40,000.00; and Judge Barnes found that $40,000.00 was paid not only for the Supreme Court work but to make up for the inadequate charges because they had been losing, and now that they had won they made a fee commensurate for all the services, and the court remanded it to determine what portion of that was for the previous work and what was for the Supreme Court work."

The witness interrupted and stated:

"If the fee for the entire services from the beginning to the end of the case were to be apportioned as between the two firms, I would be inclined to put it on a fifty-fifty basis, considering the success reached in the Supreme Court by the new firm. I may be wrong. I am not much of an arbitrator. I realize that the greatest amount of the work was done by the Dickson firm prior, that is, the greatest amount of detail work, the trial work and the brief work, prior to the decision of the United States Circuit Court of Appeals."

Immediately following this, the transcript shows that counsel for plaintiff said "Yes," whereupon the witness further stated, "But the result was an unfortunate one." Counsel for respondent then remarked, "But the first trial was fortunate." The witness said "Yes, but that was wiped out by the decision of the Circuit Court of Appeals." He was then asked, "But wasn't the final success due to the fact that the foundation had been properly laid on the first trial?" The witness replied, "It was in part, yes."

This testimony furnishes a proper basis for determining what portion of the $40,000 fee was reasonable for the Supreme Court services in the light of the finding that some part of it was paid because of the services theretofore rendered and not adequately compensated. The total amount of fees received amounted to a little less than $70,000. If this were divided on a "fifty-fifty" basis, it would leave approximately $35,000 to be allocated to Messrs. Dickson and Ellis for services in the Supreme Court and $5,000 to the firm for services theretofore rendered.

It was made to appear that Judge Marioneaux had been employed as an associate with Mr. Dickson and Mr. Ellis in handling the case in the Supreme Court of the United States. It was expected at the time of this employment that Mr. Dickson would take the lead and make the oral argument in the Supreme Court. However, on account of illness, he was unable to do this, and that duty devolved upon Judge Marioneaux. He took the lead in preparation of briefs and made the oral argument in court. Both Mr. Dickson and

Mr. Ellis, however, were active participants in preparation of the briefs, and Mr. Ellis sat with Judge Marioneaux in the presentation of the case. The victory for the Silver King Company in the Supreme Court wiped out a judgment of over $700,000, and established certain property rights in favor of that company. Judge Marioneaux was paid a fee of approximately $35,000. The fee paid Messrs. Dickson and Ellis was $40,000 at the close of the litigation, and approximately $30,000 was paid at a settlement had shortly after decision by the United States Circuit Court of Appeals. We have carefully read the evidence as to the services rendered by these gentlemen in the preparation and presentation of this case in the Supreme Court of the United States and the testimony with regard to the other services rendered prior to the decision of the Circuit Court of Appeals. Having in mind the responsibility these gentlemen carried in presenting a case of such magnitude, and also being mindful that, notwithstanding Mr. Dickson was ill and unable to take a leading part in the argument, he actually participated in the writing of the brief and in the preparation of the case, and that his name on the brief carried with it his reputation as a lawyer of great learning and ability known and recognized in the highest court of the land, and the fact that Mr. Ellis, also well known as a lawyer of learning and ability, especially in mining matters, participated personally, we think it cannot be said that Messrs. Dickson and Ellis were entitled to a fee any less in size than that earned by and paid to Judge Marioneaux for similar services. We of course are not deciding what is a reasonable fee as between the attorneys and their client, but merely what is a reasonable allocation of the fees received by the attorneys as between different services rendered to the client. It is our opinion, therefore, that $35,000 is a reasonable and proper amount to be allocated to Messrs. Dickson and Ellis for their services in the Supreme Court of the United States. The remaining $5,000 should be allocated to the services theretofore performed by their firm for which an adequate fee

had not theretofore been paid. The administrator of Mr. Schulder is entitled therefore to recover for and on behalf of the estate one-fourth of such $5,000; this being the pro rata share to which Mr. Schulder was entitled of fees paid on account of the unfinished business after dissolution of partnership as fixed by agreement between the partners. Mr. Schulder died after remittitur in the former appeal. An administrator was appointed for his estate, who was substituted as plaintiff, but the cause has been carried on under the name of the original plaintifff.

The findings, conclusions of law, and judgment on the second appeal are set aside and annulled, and the case remanded to the trial court, with directions to make findings of fact, conclusions of law, and render judgment in accordance with the views herein expressed; appellant to recover costs.

CHERRY, C. J., ELIAS HANSEN, J., and McCONKIE and MOFFAT, District Judges, concur.

STRAUP and EPHRAIM HANSON, JJ., being disqualified, did not participate herein.

On Petition for Rehearing.

PER CURIAM.

Motion for rehearing was filed by appellant asking for a modification of the decision so as to allow interest. Motion was also filed by respondents, wherein it is urged that, if the judgment should stand against them, it should be reduced by the cost of performing the service. If both contentions were allowed, the one would about offset the other. The court was, and now is, of the view, because of the peculiar circumstances of this case, that the judgment of $1,250 should be allowed without deduction and without interest; interest of course to be allowed from and after judgment.

Motions for rehearing are therefore denied.