## POWERINE CO. v. ZION'S SAV. BANK & TRUST CO. et al.

No. 6690.   Decided May 3, 1944.   (148 P. 2d 807.)

See 5 C. J. S. Appeal and Error, Sec. 1965, 3 Am. Jur. 541.

*Chas. D. Moore,* of Salt Lake City, *B. F. Napheys, Jr.,* and *E. L. Regennitter,* both of Denver, Colo., for appellant.

*Van Cott, Riter & Farnsworth, E. C. Jensen,* and *H. P. Thomas,* all of Salt Lake City, for respondents.

LARSON, Justice.

The factual situation here involved and the authority for our decision is contained in the report of the first appeal of this case in 103 Utah 441, 135 P. 2d 906.

We there decided the following propositions:

(1) That the credit application, plaintiff's exhibit "A" was in fact a letter of credit from John H. Russell to the Powerine Company, whereby he lent his credit to his son George R. Russell and to Russell's Inc., on an open account with plaintiff.

(2) That John H. Russell was not liable on the chattel mortgage, or for any deficiency after foreclosure sale of the mortgaged property, as this was a transaction independent of the above-mentioned open account.

(3) That the lease executed by defendant John H. Russell, leasing certain real property to plaintiff was not assignable, and therefore by assigning such lease plaintiff breached its conditions so that John H. Russell was entitled to recission.

(4) That John H. Russell was entitled to an accounting for rental of the premises so leased to plaintiff.

On the former appeal we disposed of every question presented and argued on this appeal. Since the trial court on the first trial had not determined the amount of damages John H. Russell was entitled to receive for the breach of the lease, we remanded the cause to the Disrtict Court for such determination. Since the damages as found by the court on the second trial are not assailed, the matter is not before us for review.

On retrial the District Court, evidently misapplying the decision of this court on the former appeal, made new findings of fact and conclusions of law on matters settled by the opinion of this court. It then made further findings covering the question of rentals for which the cause had been remanded. Since the findings, conclusions and judgment on the retrial, except as to rentals, were at variance and contrary to the decision of this court on the former appeal, and against the plaintiff who prevailed as to those matters on that appeal, it brings this appeal.

We shall not review our pronouncements heretofore made in this case, nor shall we discuss the errors assigned, as they

deal with matters discussed in the previous opinion, and upon which no new determination should have been made by the trial court, except by way of entering findings to conform to the previous opinion. *Forbes* v. *Butler*, 73 Utah 522, 275 P. 772. For as said in *Kelsch* v. *Dickson*, 71 N. D. 430, 1 N. W. 2d 347, 349:

"However wise a man may be, however sound his judgment, and however accurate his knowledge and understanding; nevertheless, he is bound to subordinate to the wisdom, judgment, knowledge and understanding of a superior court, whose order is the law of the case, until modified, or until reversed by higher authority."

Our pronouncements are the law of the case, binding no less upon us than upon the lower court. We therefore shall not review them.

Judgment reversed and case remanded to the District Court of Salt Lake County, with directions to enter findings of fact and conclusions of law in favor of plaintiff on the issues raised by its complaint; and to enter findings of fact and conclusions of law in favor of defendant John H. Russell on the issues raised by his counterclaim for rescission of the lease and for rental of the leased premises as found by the court in the account; and to enter judgment accordingly.

Costs to appellant.

WOLFE, C. J., McDONOUGH and WADE, JJ., and TURNER, District Judge, concur.

MOFFAT, J., deceased.