## GRAY v. DEFA et al.

No. 6725.  Decided November 21, 1944.  (153 P. 2d 544.)

Rehearing denied February 5, 1945.

See 34 C. J. S. Executors and Administrators, Sec. 751; (1) 3 Am. Jur. 552.

*David L. Oleson,* of Salt Lake City, for appellants.

*W. Douglas Beatie* and *Ben E. Roberts,* both of Salt Lake City, for respondent.

LARSON, Justice.

Plaintiff filed suit in the District Court of Salt Lake County, asking that her rights in certain described property be declared, and the rights of the defendants under various contracts and agreements regarding said land also be determined and declared. From a decree that plaintiff is the sole and absolute owner of the land, and that defendants have no interest or claim therein, defendants appeal.

The transactions regarding the property herein are rather involved, and we set them out in chronological order:

September 14, 1937—Plaintiff and L. H. Gray signed a contract of sale with Guy Jaynes for an expressed consideration of $50,000.

April 6, 1938—Western Land Association leased the land to Marion Defa for six years for dry farming purposes.

May 4, 1938—Salt Lake County, tax title owner, leased the land to Defa for one year for dry farming purposes.

December 31, 1938—Western Land Association leased the land to J. D. Buck for a ten year period.

August, 1941—Plaintiff and L. H. Gray executed a second contract of sale to Guy Jaynes, for an expressed consideration of $60,000.

January 8, 1942—Guy Jaynes assigned both purchase contracts to Marion Defa.

February 25, 1942—Marion Defa assigned the purchase contracts, and made a farming lease with option to purchase with Arnold Graff.

March 17, 1942—J. D. Buck assigned his lease to Marion Defa.

1942 Season—Plaintiff leased property to Parley Spratling for grazing purposes.

In addition to the above, Salt Lake County took tax title to the said lands and leased them to one Gust Papadopulos, which lease was before this court in *Papadopulos* v. *Defabrizio*, 102 Utah 84, 125 P. 2d 416. There are also deeds of the property to the plaintiff from Western Land Association and others. After hearing the testimony and examining the documentary evidence offered concerning these various transactions, the trial court decreed that plaintiff was the sole owner of the lands in question; that defendants had no right, title or interest therein, and that defendants had no cause of action by virtue of their counterclaims filed in the action. From this decree defendants appeal. We shall consider defendants' assignments of error seriatim.

The first assignment is that the court erred in overruling the defendants' demurrer to plaintiff's complaint. This is the second appeal of the case. The first time it was before this court, we passed upon the sufficiency of the complaint as against demurrer. *Gray* v. *Defa*, 103 Utah 339, 135 P. 2d 251. We held the complaint good as against a general demurrer. The case was reversed for other reasons and remanded to the District Court. Plaintiff then had the cause set for trial, upon the same pleadings, and defendants now seek to again question the sufficiency of the complaint. What we said before is the law of the case, binding upon us no less than upon lower courts. *Powerine Company* v. *Zion's Savings Bank & Trust Co.*, 106 Utah 384, 148 P. 2d 807. We shall not again examine this matter.

Assignment number two is that the court erred in overruling defendants' motion to bring in new parties. This also was passed upon in the prior opinion, wherein we said [103 Utah 339, 135 P. 2d 256] :

"There is nothing in the pleadings to show that these other parties had any interest and no allegation of facts to show fraud. If on new trial there is a showing by the defendants that these other parties

had an interest in the land or that defendants were injured by a fraudulent transfer of the land, we assume that the court will make a proper order."

That was an appeal on the judgment roll, while on the present appeal defendants brought the bill of exceptions from the District Court. However, there is nothing more shown by the bill of exceptions than there was in the pleadings as to interest of other parties in the land, or fraud upon the defendants to their injury. Our former ruling still applies therefore, and settles this assignment adversely to defendants.

The next assignment is that the court erred in assuming jurisdiction when the judgment was reversed without an order for new trial. However, it was the plain intention of this court to grant a new trial. This is made clear by the last sentence of the opinion set out above, wherein we refer to what might happen on a new trial. Reversal of the judgment before was not on the ground of insufficient pleading but for certain procedural errors. In fact we specifically approved the complaint on file in the action. It was therefore no error for the court to proceed with a new trial on the same pleadings as before.

The next two assignments, that the court erred in refusing to order that joinder of the administrators of the estates of L. H. Gray and Guy Jaynes, we shall consider together. As to Gray's administrator, it does not appear that the deceased had any interest in the property in question, though he did sign the contracts of sale to Jaynes. Since plaintiff's action is in the nature of suit to quiet title, there is no reason why her husband's administrator need be joined. The only reason defendants might have for desiring the joinder would be the possibility of collecting damages from the estate for breach of the various contracts and leases here involved. This end could have been achieved by a cross-complaint against the administrator, thus bringing him in as a defendant. As to Jaynes' administrator, or legal representative, there is no showing of the

necessity for his joinder either. It conclusively appears, from Jaynes' own admission in the testimony given on the first trial, and here admitted in evidence, that the deceased had and claimed no interest in the land in question—he had assigned all of his interest to Defa. Furthermore, as pointed out by plaintiff, there has never been proof of defendant Jaynes' death, and throughout the entire proceeding, even to the notice of appeal, C. E. Norton has held himself out as counsel for all defendants. The court did not err in this regard.

The next assignment which we shall consider is that the court erred in failing and refusing to make findings of fact on the defendants' counterclaims. In the counterclaims defendants alleged breaches by plaintiff of the various contracts and leases made with the several defendants. The allegations would have been sufficient to state a cause of action or counterclaim, if at the time of such breaches the agreements and leases in question had been in effect. In each instance the court found that through failure of the individual defendants to comply with the terms of the various agreements, they had by the very terms of said agreements, been terminated, and defendants had lost all rights thereunder. We are thus faced with much the same situation as was before us in *O'Gorman* v. *Utah Realty & Const. Co.*, 102 Utah 523, 129 P. 2d 981, wherein we held that since facts giving rise to an estoppel were not alleged in plaintiff's reply, it was not error for the court to fail to make a finding on the facts alleged therein. So here, considering the findings made—that all of the defendants had forfeited their rights under the contracts and leases which are the basis of their counterclaims—there could be no subsisting causes of action on account of the alleged breaches by plaintiff. The agreements had terminated, and plaintiff could not thereafter breach them. The findings made dispose of the issues, and it was not error for the court to fail to make a specific finding negativing every allegation of breach in each of the defendants'

counterclaims. See *Huber* v. *Newman,* 106 Utah 363, 145 P. 2d 780.

The trial court need only make findings on the material issues raised by the pleadings. *Mills* v. *Gray,* 50 Utah 224, 167 P. 358; *Torsak* v. *Rukavina,* 67 Utah 166, 246 P. 367. For this reason assignment number 9 (that the trial court erred in not finding that L. H. Gray made the contracts and then died) must also fail. This was not a suit on the real estate contracts, but an action to quiet title, and it was not shown that Gray had any interest in the land. Therefore his being a party to a contract to sell the lands, and his subsequent death could in no way affect the present suit. Since the court found plaintiff was the sole owner of the land, anything which may have happened to her predecessors in interest is immaterial in this action.

The only assignments remaining to be discussed are that the evidence does not support the findings; the findings do not support the conclusions; and the final decision is against the law. From an examination of the record, we conclude that all three assignments are without merit.

Judgment affirmed. Costs to respondent.

WOLFE, C. J., and McDONOUGH, WADE, and TURNER, JJ., concur.