### NEWCOMB et al. v. BURBANK et al.

(Circuit Court, S. D. New York. November 14, 1910.)

1. APPEAL AND ERROR (§ 1210*)—REVERSAL—NEW TRIAL.

In general, on the reversal of a judgment without more a new trial follows.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4710; Dec. Dig. § 1210.*]

2. APPEAL AND ERROR (§ 1210*)—REVERSAL—ACTS OF JUDGMENT—NEW TRIAL.

Defendants having recovered a verdict, judgment was reversed on appeal because the record did not show requisite diversity of citizenship; the mandate declaring that the cause was remanded to the trial court with directions to dismiss the complaint for want of jurisdiction without costs, unless plaintiff within a reasonable time obtained leave to amend the complaint and did amend the same so as to present a cause within the jurisdiction of the court. The opinion stated that as it was not certain that a new trial would be had, and since, in case there was a new trial, questions raised on the assignments of error might not arise again, the court would not discuss the merits. *Held*, that since the mandate was consistent either with the granting of a new trial after correction of the complaint, or the granting of judgment for defendant on the verdict, the court would look to the opinion, and, this indicating that a new trial was intended, defendant's motion for judgment on the verdict should be denied.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1210.*]

At Law. Action by David Burbank Newcomb and others against Caleb Burbank and others. On motion for judgment on verdict. Denied.

Samuel S. Whitehouse, for plaintiffs.
Hawkins & Delafield, for defendants.

WARD, Circuit Judge. The judgment in this cause having been reversed by the Circuit Court of Appeals (181 Fed. 334), not on the

merits, but on the ground that the record does not show the requisite diversity of citizenship, and the complaint and answer having been amended so as to correct the defect, the defendants now move that judgment be entered upon the verdict in their favor.

I am fully satisfied that the Circuit Court of Appeals has the power to order this to be done without granting a new trial. The material part of the mandate which I am bound to execute is in the following words:

"Ordered, adjudged, and decreed that the judgment of said Circuit Court be and hereby is reversed, without costs, and the cause remanded to that court, with directions to dismiss the complaint for want of jurisdiction, without costs, unless the plaintiffs within a reasonable time obtain from that court leave to amend the complaint and do amend it so as to present a cause within the jurisdiction of that court."

The mandate does not order a new trial. But on reversal of a judgment without more, generally speaking, a new trial follows.

The mandate being consistent with either view, I am authorized to look for further light to the opinion of the court. West v. Brashear, 14 Pet. 51, 10 L. Ed. 350. I think it shows that a new trial was intended. Noyes, C. J., said:

"As it is not certain that there will be a new trial of the cause, and as in case there is a new trial questions raised upon the assignments of error may not arise again or be presented in the same form, we do not feel that any special circumstances exist which call upon us to decide the merits of these questions or depart from the principle indicated as proper by the Supreme Court in Robertson v. Cease, 97 U. S. 646 [24 L. Ed. 1057]."

Motion denied.