[Civil No. 4610.  Filed June 1, 1943.]

[138 Pac. (2d) 287.]

ELENA CASTILLO VARGAS, Petitioner, v. THE
    SUPERIOR COURT OF APACHE COUNTY,
    ARIZONA, and the Honorable C. C. FAIRES,
    Judge of the Superior Court of Gila County,
    Arizona, presiding as Judge of the Superior Court
    of Apache County, Arizona, Respondents.

Mr. Urban R. Miller, and Messrs. Moore & Romley, for Petitioner:

Honorable C. C. Faires, for himself and other respondents.

ROSS, J.—This original proceeding in *mandamus* grows out of the court's decision in Cause No. 4482, *Vargas* v. *Greer and the American Surety Company, ante,* p. 110, 131 Pac. 2d) 818, holding that the plaintiff's complaint states a cause of action and reversing and remanding the cause "for further proceedings."

After the case was remanded to the Superior Court of Apache County in accordance with the directions of the court's opinion, Greer and the American Surety Company, the defendants, filed a motion to dismiss the cause "for the reason and upon the ground that the above entitled court sitting as a court of equity has no jurisdiction over the subject matter of said suit."

The same ground had been theretofore presented to the trial court in a motion to dismiss plaintiff's suit, and was before this court when it rendered its decision reversing and remanding the case "for further proceedings." Such ruling of the court disposed of all the grounds urged by defendants Greer and American Surety Company adversely to their con-

tentions. *Arizona-Parral Min. Co.* v. *Forbes,* 16 Ariz. 395, 146 Pac. 504.

■ Counsel for defendants contend the Supreme Court has no right or power to direct the Superior Court to proceed with the trial of the cause. The Constitution, Article VI, section 4, confers power on the Supreme Court to issue writs of *mandamus* and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. This provision is ample authority for the proceeding here taken.

■■ The duty of the respondent court and judge to comply with the mandate may not be questioned or evaded. The law is that the mandate must be strictly followed. It is binding on the trial court and enforeable according to its true intent and meaning. 3 Am. Jur. 730, sec. 1234; 5 C. J. S. Appeal and Error, p. 1557, § 1994. When the opinion and mandate are considered together no other conclusion can be drawn than that the court must proceed to try the case on its equity side. It is a suit that seeks to recover from the administrator and his surety, the American Surety Company, the sum of $30,000, which it is alleged came into the possession of the administrator and was never accounted for but was lost through waste, mismanagement and fraud. It seeks to nullify the proceedings in the probate matter and alleges that the administrator secured through his fraud an allowance and settlement of his accounts when they were false and untrue. The mandate directs the court to proceed with the case and it cannot reasonably be construed as a direction that it proceed generally or in another and different case. The court could refer to no other proceeding than the one in which the order ''in said cause'' was made and entered.

■ As was said in *Swan* v. *Talbot,* 152 Cal. 142, 94 Pac. 238, 240, 17 L. R. A. (N. S.) 1066:

" . . . where equity has acquired jurisdiction for one purpose, it will retain that jurisdiction to the final adjustment of all differences between the parties arising from the cause of action presented. It is, indeed, the duty of a court of equity, when all the parties to the controversy are before it, to adjust the rights of all and leave nothing open for further litigation. . . . "

This very sound and equitable rule is reaffirmed in *Barber* v. *Superior Court*, 43 Cal. App. 221, 184 Pac. 952, and *Iverson* v. *Roberts*, 128 Cal. App. 538, 17 Pac. (2d) 1004.

■ The court's mandate reads as follows:

" . . . Ordered by this Court that the Judgment of the said Superior Court in this cause, dismissing plaintiff's complaint, be, and the same is hereby reversed and the cause remanded with directions for further proceedings under the decision. . . .

"You therefore are hereby commanded that such proceedings be had in said cause, as according to right and justice, and to law, ought to be had, the said appeal notwithstanding."

"Right and justice" require that further proceedings be had in accordance with the principles of equity.

■ The American Surety Company contends that it cannot be sued on its bond until it has been determined judicially that the administrator is in default and the amount thereof, and cites 34 Corpus Juris Secundum, Executors and Administrators, p. 1202, § 973, as authority for such contention.

We are satisfied that the rule contended for is not the one that should govern in this proceeding. Sections 21–518 and 21–519, Arizona Code 1939 (sections 3731 and 3732, Revised Code of 1928), read as follows:

"The acceptor of a bill of exchange or any other principal obligor in any contract may be sued either alone or jointly with any other party who may be liable thereon; but judgment shall not be rendered against

such other party not primarily liable unless judgment shall have been previously, or be at the same time, rendered against such acceptor or other principal obligor, except where the plaintiff may discontinue his action against such principal obligor."

"The assignor, indorser, guarantor and surety upon a contract, and the drawer of a bill, which has been accepted, may be sued without the maker, acceptor or other principal obligor, when the latter reside beyond the limits of the state, or in such part of the same that they can not be reached by the ordinary process of law, or when their residence is unknown and can not be ascertained by the use of reasonable diligence, or be dead, or insolvent."

Under these sections it has been decided by this court that the surety and the principal on a surety bond may be sued together at the same time. *United States Fidelity & Guaranty Co.* v. *Alfalfa Seed & Lumber Co.*, 38 Ariz. 48, 297 Pac. 862; *Massachusetts Bonding & Ins. Co.* v. *Lentz,* 40 Ariz. 46, 9 Pac. (2d) 408.

We are satisfied that the motion should be denied and that the court should proceed to hear and determine the case on its merits.

It follows that the alternative writ of *mandamus* heretofore issued should be made peremptory, and it is so ordered.

McALISTER, C. J., and STANFORD, J., concur.