291 P.2d 781

Eugene V. HENSLEY and Martha E.
Hensley, Appellants,

v.

Stephen W. LANGMADE and John F.
Sullivan, Appellees.

No. 6028.

Supreme Court of Arizona.

Dec. 27, 1955.

W. T. Choisser, Phoenix, for appellants.

James F. Haythornewhite, Phoenix, for appellees.

PHELPS, Justice.

This is an appeal from a judgment in favor of plaintiffs-appellees and against defendants-appellants in the sum of $2,250 as and for the remainder of attorneys' fee for legal services rendered by them.

The facts, insofar as here material, are that appellants, at all times hereinafter mentioned, were husband and wife and that during September 1953 the wife employed appellees to represent her in a divorce action which she instituted against her husband. They continued to render said services until in January, 1954, during which time they succeeded in establishing the character and value of the property owned by appellants. Through such investigation consisting of the taking of depositions, interviews, etc., they developed the fact that the community property owned by the parties had a value of approximately $175,000 instead of $10,000 as claimed by the husband in his answer. Upon the basis of the higher figure an agreement between appellants was reached concerning the division of such property satisfactory to the wife, leaving nothing to be done in the divorce action except the drafting of the property settlement agreement and the uncontested hearing on the plaintiff's complaint.

At this juncture in the proceedings the wife informed appellees to not proceed further in the case and that she would no longer require their services. Prior to this time appellees had procured an order of court requiring the husband to pay to his wife $750 as and for attorneys' fee during the pendency of the action, which were paid. Upon receiving information that their services were no longer needed appellees filed a petition with the court in the divorce ac-

tion asking that they be permitted to present evidence before it to show the extent and value of the services rendered the wife in the divorce action together with disbursements made by them in her behalf and that it determine and fix a reasonable amount as and for attorneys' fee in the case. A hearing was had on the petition on January 21, 1954, at which time both appellants and appellees in that case were represented by counsel and introduced evidence, and there appears on the records of the court on that date the following minute entry:

"37684  Martha E. Hensley
              John F. Sullivan present
              Jack C. Cavness present

              vs.

        Eugene V. Hensley
              William T. Choisser
              present

"Hearing on Petition for allowance of attorney fee and disbursements. The respective parties are present. Mr. Cavness appears as attorney for the plaintiff Martha E. Hensley subject to the withdrawal of Langmade & Sullivan as attorneys for the plaintiff.

"Counsel stipulate that the court may fix fee. Stephen W. Langmade is sworn and testifies. Mark Wilmer is sworn and testifies. Martha E. Hensley is sworn and testifies. Counsel present brief argument to the court and the matter is submitted. Order there is $2,250.00 of the fee remaining due."

It will be observed that the court in making its finding and order kept entirely within the averments and prayer of the petition and made no pretense of doing more than finding and fixing the amount of the attorneys' fee remaining unpaid based upon the services rendered. The language cannot be tortured into any resemblance to a judgment and has not been so considered nor so treated by appellees. Otherwise there would have been no occasion to institute this action. It will be further observed that the hearing was held and the finding and order made pursuant to the stipulation of counsel in open court authorizing the court to do exactly what it did.

Based upon this finding and order appellees thereafter filed this cause of action against appellants asking recovery of the amount of attorneys' fee found by the court to remain unpaid at the time of their discharge.

The appellants answered appellees' complaint admitting that appellees filed the petition in the divorce action to determine and fix the amount of the attorneys' fee and disbursements made on behalf of plaintiff in that case, and admitted that pursuant to said hearing the court made and entered its order finding that there was due appellees the sum of $2,250 as and for the remainder of the attorneys' fee. Appellants then alleged that the order and finding of the court was wholly without authority of law and of no legal force or effect and denied that appellants owed appellees the sum of $2,250.

4

Upon motion of appellees for judgment upon the pleadings the motion was granted and judgment entered accordingly.

Appellants have presented two assignments of error which we will set out haec verba in order that the limitation of the issues presented to this court may appear more clearly.

"Assignment of Error No. I

"The Court erred in granting appellees petition for allowance of attorneys fees and disbursements against the parties in the divorce action of which they represented the plaintiff, Martha E. Hensley, therein, the same not being within the provisions of section 27–809, Arizona Code Annotated 1939.

"Assignment of Error No. II.

"The Court erred in granting appellees motion for judgment on the pleadings for the reason that the Court was without authority and jurisdiction to hear or order any awards made under appellees' petition and that the complaint did not state a cause of action against the appellants herein."

■ Both assignments of error are directed primarily at the same thing, i. e., that the court in the divorce action was without authority or jurisdiction under the provisions of section 27–809, supra, to make an order fixing the amount and value of the attorneys' fee of appellees for services rendered the plaintiff, Mrs. Hensley, in that case, and that under such circumstances the court erred in granting judgment on the pleadings in the instant case based upon such finding and order. Of course the answer to this proposition is that according to the above minute entry the value of the services rendered her by appellees was fixed, not under the provisions of section 27–809, supra, but pursuant to a stipulation of counsel. This being true, they may not now be heard to say that the amount fixed by the court is not binding upon them. The above minute entry is the exclusive evidence upon which this court can rely as to what occurred at that hearing. Barth v. Apache County, 18 Ariz. 439, 162 P. 62.

■ The court had jurisdiction of the parties and of the subject matter of the cause of action in the divorce case and the above stipulation of counsel conferred upon the court the right to determine and fix the amount of appellees' attorneys' fee remaining unpaid at the date of their discharge. Eriksson v. Boyum, 150 Minn. 192, 184 N.W. 961.

■ Under the provisions of section 21–516, A.C.A.1939, a husband is required to be joined with the wife in an action of this character. The answer of appellants presented no defense to the allegations of the complaint. Therefore the court did not err in granting appellees' motion for judg-

ment on the pleadings and entering judgment accordingly.

The judgment of the trial court is affirmed.

LA PRADE, C. J., and UDALL, WINDES, and STRUCKMEYER, JJ., concur.