Matthew M. Levy, J.
This is a motion by the plaintiff for an order to take the deposition of the defendants Murray W. Weiss and William M. Gross (hereinafter referred to as “Weiss and Gross”) on open commission in the State of New Jersey. At the time of the commencement of this action Weiss and Gross had an office in Bronx County, where they were directly amenable to the process of this court. Since then, however, they no longer maintain an office within this jurisdiction, and are now employed in and are residents of Hackensack, N. J.
By this suit, the plaintiff seeks to set aside an alleged fraudulent conveyance of certain premises in The Bronx, which con *730 veyance was made by the defendant William M. Gross to bis mother, Sophia Bngen, also known as Sophia Weiss. The plaintiff in its complaint also asks that Weiss and Gross be declared to be the owners of the property, and that there be an accounting by the defendant F. M. Weiss & Co., Inc. (which managed the property) and by the defendant Sophia Weiss. The answers of the several defendants consist, in the main, of general denials.
The plaintiff has previously caused to be served notices to examine the defendants before trial, as adverse parties, with separate items addressed to the defendants Weiss and Gross, and with distinct matters set forth with respect to the maternal and corporate defendants. The latter defendants moved to modify the notice affecting them, which motion was granted to some extent; and these defendants were examined. The defendants Weiss and Gross failed to appear for examination. Thereafter, the plaintiff served another notice to examine — this time, directed only to the defendants Weiss and Gross as adverse parties, and, again, these defendants defaulted.
The defendants Weiss and Gross advance two arguments for the denial of the examination. The first is that there is an outstanding notice to examine them, and the second is that the plaintiff has not made out a proper case under section 288 of the Civil Practice Act for the examination desired. Neither of these contentions is sufficient to defeat the present application.
While, generally, where there is an outstanding order or notice for an examination before trial, a second application or notice is improper (Hoover v. Rochester Print. Co., 2 App. Div. 11; Schriro v. Kennell, 223 App. Div. 786); that is not the situation here. The examination was never held. And, moreover, the present outstanding notice deals with the examination of Weiss and Gross as adverse parties and not as witnesses, which is the burden of the present application. For it is the desire of the plaintiff to take the oral testimony of these defendants as witnesses, and particularly as against the other defendants in the action. The plaintiff contends that it would serve no useful purpose to strike out the answers of Weiss and Gross on the basis of their default, and that in fact it is more important to the proof of the plaintiff’s cause that it procure their testimony, and that, since there are reasonable grounds to believe that they will not attend the trial, the relief now requested is a matter of paramount substance to the plaintiff in this action. Assuming that the plaintiff was able to enforce its right to obtain and in fact to proceed with the examination of the defendants Weiss and Gross before trial under the out *731 standing notice, that would not be of much aid to the plaintiff in the circumstances. For the depositions thus given could not be used by the plaintiff as against any of the other defendants. They could be used only as proof of the plaintiff’s case in chief as against the specific adverse party examined, or as an admission against interest against that party, or in cross-examination of the party examined in the event he appeared as a witness upon the trial. A party examined before trial does not (where there are other parties defendant) become a general witness on all of the facts. On the other hand, the testimony before trial of a witness is evidence on the facts in issue (if otherwise competent) for or against any party. As a consequence, if a plaintiff desires to take the testimony of one defendant as a witness against a codefendant, the latter is “ entitled to plain notice to that effect” and the notice to take the deposition of one defendant as a party is not sufficient (see Nixon v. Beacon Transp. Corp., 239 App. Div. 830).
Next, it must be determined whether section 288 of the Civil Practice Act relating to the examination before trial of witnesses, rather than of parties, authorizes the taking of the depositions in the case at bar. This statute specifies five categories of persons whose depositions may be taken before trial. In the second category are witnesses who are outside of the State. For some reason not clear to me, the defendants Weiss and Gross stress the assertion that category number “five” (the “special circumstances” provision) has not been satisfied by the plaintiff. Since the defendants sought to be examined appear now to be outside of this State, the examination may be had under subdivision 2. Moreover, sufficient special circumstances appear to warrant the granting of the examination under the fifth subdivision as well. Here is a case where collusion is alleged in the complaint, and, by reason of the close relationship of the various defendants and their conduct to date, the relief sought should be granted in the interests of justice, or the plaintiff may find itself with a legal right but without an adequate remedy (Kozuch v. Bachmann, 244 App. Div. 250; Erdenbrecher v. Erdenbrecher, 188 Misc. 94; Hall v. Roseman, N. Y. L. J., Oct. 3, 1949, p. 692, col. 4, Froessel, J., and cases therein cited; see, also, Jackson v. Imburgia, 184 Misc. 1063).
Accordingly, the motion is granted. Settle order.