345 P.2d 427

**HARBEL OIL COMPANY, a corporation, Petitioner,**

v.

**SUPERIOR COURT OF MARICOPA COUN-TY, Arizona, and Henry S. Stevens, Judge thereof, Respondents.**

No. 6886.

Supreme Court of Arizona.

Oct. 28, 1959.

---

Finn, Gorey & Ely, Phoenix, for petitioner.

Langmade & Sullivan, Phoenix, for respondents.

UDALL, Justice.

In an original proceeding initiated in this Court, petitioner Harbel Oil Company sought writs of prohibition and mandamus directed against respondent, Honorable Henry S. Stevens, one of the judges of the superior court of Maricopa County. Alternative writs were granted to determine whether the proceedings being conducted by Judge Stevens in superior court cause No. 72982 are inconsistent with the decision of this Court in Harbel Oil Co. v. Steele (our No. 6155), reported in 83 Ariz. 181, 318 P.2d 359, 362.

The proceedings giving rise to this petition occurred on remand of the cause after the initial judgment of the trial court had been reversed by this Court in No. 6155, supra. A reading of that decision is essential to an understanding of the matter now before us. In brief, this Court determined that the trial court was in error in holding that a mortgage given by Harbel Oil Company to Steele and others—evidenced by various instruments—had been foreclosed so as to cut off the mortgagor's equity of redemption. We held that insofar as the mortgage was of an interest in real property it could be foreclosed only by court action, and insofar as the mortgaged property was personalty the foreclosure could only be by sale. Since neither of these requirements had been met, the mortgage was not foreclosed, and hence it was held the mortgagees were "mortgagees in possession" subject to the mortgagor's equity of redemption. The cause was remanded to the superior court for "proceedings not inconsistent" with our decision.

This cause has had a tempestuous voyage on the sea of litigation. The original complaint was filed on July 10, 1952, and prior to this proceeding some phase of the case has been before us on three different occasions. See, 80 Ariz. 368, 298 P.2d 789; 81 Ariz. 104, 301 P.2d 757; and 83 Ariz. 181, 318 P.2d 359. After seven years the end is not in sight, for as yet there has been no final determination on the merits.

■ In a proceeding, such as this, on a petition for an extraordinary writ our only

concern is whether the inferior tribunal is acting or threatening to act in excess of its jurisdiction. If the lower court has jurisdiction, it is of no moment that it has erred in the exercise thereof, as such errors can be corrected on appeal. Bank of Arizona v. Superior Court, 30 Ariz. 72, 245 P. 366. Thus the question to be considered herein is simply whether respondent judge is exceeding the proper scope of inquiry on remand.

The instant petition asking for writs of prohibition and mandamus is lengthy and involved. The gist of the matter is petitioner's contention that the respondent court is exceeding its jurisdiction on remand by (1) allowing the defendant in the superior court to now file what is labelled a "cross complaint" for foreclosure of the mortgage; (2) permitting the raising of certain affirmative defenses by the defendants which were not considered in the previous trial; and (3) failing to obey the mandate of this Court, which petitioner construes as limiting the proceeding below to the rendering of an accounting and restoring the subject mortgaged property to the petitioner.

In support of its position, petitioner raises many questions which are not within the proper scope of prohibition: i. e., whether the cross-complaint (in reality a counterclaim) is timely, whether the pleadings may be amended or supplemented on remand, whether stipulation of facts has precluded certain defenses, etc. These matters do not go to the jurisdiction of the trial court, and therefore any purported errors threatened therein are not now material. This Court will not issue an extraordinary writ to regulate the conduct of an inferior court which has jurisdiction. Bank of Arizona v. Superior Court, supra.

Petitioner does make two contentions which, if true, would be of jurisdictional significance. *First,* it is contended that respondent is inquiring into matters which were adjudicated and settled by this Court in the prior appeal (No. 6155, supra). If this position were correct, then respondent court would be exceeding its jurisdiction, since the decision of this Court on those issues actually determined on the previous review is the law of the case. In re Monaghan's Estate, 71 Ariz. 334, 227 P.2d 227. The trial court therefore would have no authority to reconsider those matters on remand. *Second,* petitioner insists that respondent judge refuses to obey the clear mandate of this Court, issued in conjunction with its decision. This position too, if true, would justify issuance of the extraordinary writs now sought, since the trial court's jurisdiction on remand is delimited by the terms of the mandate. Vargas v. Superior Court, 60 Ariz. 395, 138 P.2d 287. To resolve the issues now before us will require an analysis of the holding and the terms of the mandate in No. 6155, in order to determine whether there is any support therein for petitioner's contentions.

I. *Law of the case.* It is petitioner's position that in the prior decision (No. 6155, supra) this Court disposed of all relevant questions of law which were raised *or which might have been raised* therein, and that therefore the trial court is without jurisdiction to hear those additional defenses now relied upon below. It is urged upon us that the effect of our decision was to dispose not only of the contention of the defendants-appellees in that case that the mortgage had been foreclosed, but also of the other affirmative defenses raised to the accounting and redemption, i. e., abandonment, estoppel, waiver, fraud, etc. This assertion is not borne out by the record. The original judgment of the trial court was based entirely upon the proposition that the various instruments constituted a mortgage of personalty and that such mortgage had been legally foreclosed. In announcing its opinion in that instance, the trial court expressly declared:

> "In view of the court's conclusions the court has not considered other defenses which might be available to the defendant under all of the facts which are presented in this case and the court expresses no opinion with reference thereto."

Similarly on appeal this Court considered only the question whether the trial court was correct in its basic premise. No inquiry was made into those contentions which were not germane to this decisive issue. Nor would a decision as to the validity of other defenses which the appellee therein might have raised have been relevant to the questions decided. Our opinion in No. 6155 did mention some of the facts upon which the affirmative defenses now in question are based, but no pronouncement was made as to the legal effect thereof. It is clear that this Court neither expressly nor impliedly passed upon those defenses.

Petitioner also contends that, whether or not this Court so intended, its decision necessarily amounted to a rejection of those defenses. In support of this proposition it cites Pacific Greyhound Lines v. Brooks, 70 Ariz. 339, 220 P.2d 477. It is true that when a court of last resort renders a final judgment, either by affirming the court below or by reversing without remand, it is deemed to have passed upon all issues of law which were raised or which might have been raised; Ferguson v. Superior Court, 59 Ariz. 314, 127 P.2d 131; and when such court issues specific directions, any further attack on the legal grounds for those directions is precluded, Pacific Greyhound Lines v. Brooks, supra. Such was not the case here. The Court had before it only the foreclosure issues upon which the trial court based its judgment. The reversal was simply a decision that the respondent was in error on that point, and the cause was remanded for

proceedings not inconsistent with the holding that said mortgage had not been foreclosed. None of the defenses now pressed below is inconsistent with this Court's holding. Therefore, it is clear that the respondent is not deprived of jurisdiction to hear such defenses under the principle of res judicata.

II. *Mandate.* The relevant portion of the mandate of this Court on remand reads as follows:

"[The Court did] file its opinion and enter its order reversing the judgment appealed from, and remanding the case for further proceedings not inconsistent with the opinion. * * *

"You therefore are hereby commanded that such proceedings be had in such cause, as according to right and justice, and to law, ought to be had, the said appeal notwithstanding."

■ It is urged by petitioner that the *only* proceeding not inconsistent with the above mandate would be the rendition of an accounting and the restoration to petitioner of the mortgaged property, and that therefore mandamus should issue to compel respondent to comply with this command. This position is apparently based upon the premise that the holding of this Court in No. 6155 that the appellees therein were mortgagees in possession necessarily included a determination that the petitioner should be allowed to redeem the mortgage,

upon an accounting, and to regain possession of the property, regardless of any legal or equitable defenses raised by the mortgagee. As a corollary it is contended that this Court, in the prior appeal, specifically held that the mortgage could not be foreclosed.

A careful study of our decision fails to disclose any support for these contentions. On the question of whether this mortgage could be foreclosed, we said:

"* * * mortgages of real property may not be summarily foreclosed, but only by action in a court of competent jurisdiction." 83 Ariz. 181, 185, 318 P.2d 359, 361.

and again:

"* * * until a foreclosure or some act tantamount thereto has occurred, the title to the property mortgaged remains in the mortgagor." 83 Ariz. 181, 186, 318 P.2d 359, 362.

We do not believe that a fair reading of either of these statements could possibly be taken as a holding that this mortgage *could not* be foreclosed, but only that it *had not* been. There is nothing in said decision to prevent the trial court from considering the propriety of a foreclosure at this point.

■ As to further contention that the mandate requires only an accounting and redemption, again there is no support in the record. Neither the mandate nor the opinion itself contains any specific order

directed to the trial court. The main thrust of our opinion on this point was negative, i. e., that the mortgage had not been foreclosed. The one affirmative finding upon which petitioner relies is that appellees therein were "mortgagees in possession." Petitioner's argument must rest upon the proposition that a mortgagor out of possession has an absolute right to exercise his equity of redemption. Suffice it to say that the law does not recognize such an unqualified right. Cooper v. Peak, 258 Ala. 167, 61 So.2d 62, certiorari denied 345 U.S. 957, 73 S.Ct. 939, 97 L.Ed 1377; 40 A.L.R.2d 1277. Although, as was pointed out in the prior decision, equity favors the right to redeem, it will not be allowed where it would work an injustice. The redemption or the foreclosure of a mortgage is an equitable proceeding, and in this case the court of equity has the obligation to weigh and consider such defenses as laches, estoppel, fraud, lack of equity, etc. We hold it is within the jurisdiction of the trial court to determine whether petitioner is entitled to exercise its equity of redemption, or whether the mortgage should now be foreclosed.

After a closer analysis it now appears to us that the alternative writs herein were improvidently issued, as there is no showing that the respondent court is about to exceed its jurisdiction *or* that Judge Stevens is refusing to perform an act which the law specifically imposes as a duty resulting from an office, trust, or station. A.R.S. § 12–2021.

The alternative writs of prohibition and mandamus heretofore issued are ordered quashed.

PHELPS, C. J., and STRUCKMEYER, JOHNSON and BERNSTEIN, JJ., concur.