413 P.2d 585

Robert G. SKOK, Jack E. West, Loren Sederstrom, M. T. Donato, Sam J. Bartaluzzi and Donald P. Woods, Appellants,

v.

CITY OF GLENDALE, a municipal corporation, Appellee.

No. 1 CA–CIV 148.

Court of Appeals of Arizona.

April 26, 1966.

Rehearing Denied May 19, 1966.

Moore, Romley, Kaplan, Robbins & Green, by Elias M. Romley, and Kenneth J. Sherk, Phoenix, for appellant Woods.

Duecy & Turner, by D. Kelly Turner, Scottsdale, for appellants Skok, West, Donato and Bartaluzzi.

Kaplan & Wilks, by Richard B. Wilks, Phoenix, for appellant Sederstrom.

Biaett & Bahde, by Kenneth Biaett, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from a judgment in favor of the plaintiff below, *City of Glendale*, and against the co-tenants of certain real property at the time an agreement was allegedly entered into between the co-tenants and the City of Glendale for the extension of sewer lines and service to the real property. Other aspects of this case have been previously considered on appeal. City of Glendale v. Barclay, 94 Ariz. 358, 385 P.2d 230 (1963), City of Glendale v. Arizona Savings & Loan Association in Receivership, 2 Ariz.App. 379, 409 P.2d 299 (1965).

We are called upon to determine whether a deposition taken of an adverse party prior to trial is admissible under Rule 26(d) (2), Rules of Civil Procedure, 16 A.R.S., where, prior to trial, the said adverse party by reason of an adjudication and discharge in bankruptcy no longer has a financial interest or possible liability in the law suit.

The facts necessary for a determination of this matter on appeal are as follows: On or about 30 December 1957, William Barclay, dealing with his sole and separate property, and the defendants Robert G. Skok, Jack E. West, Loren Sederstrom, M. T. Donato, Sam J. Bartaluzzi and Donald P. Woods and their respective wives, entered into a "Declaration of Trust, Assignment and Co-tenancy Agreement" dealing with approximately 320 acres of

land located in Maricopa County near the City of Glendale, Arizona. The agreement provided in part as follows:

"5. For and during the co-tenancy of the parties to this agreement *the management of the above described real property shall be vested in all of the co-tenants, but the co-tenant William Barclay shall be entitled to act for and on behalf of his other co-tenants in accordance with the instructions furnished to him by the agreement of all of the co-tenants.* The authorization of said William Barclay shall include the execution of documents, receipts, and the purchase of said premises *after the same has been agreed to by all of the co-tenants.*" (Emphasis added.)

Thereafter, on or about 7 January, 1958, the said William Barclay and the City of Glendale, entered into an agreement whereby the City of Glendale agreed to extend its existing trunk sewer lines to the proposed property and to be responsible for the maintenance of said sewerage system after its construction upon the premises. The agreement provided that the co-tenants would build and connect said sewerage facilities to not less than 250 houses within eighteen months after the effective date of the contract, or in lieu thereof, to pay to the City of Glendale:

"each month an amount equal to $1.50 per month for each house less than the said 250 houses connected to said sewerage facilities, and shall continue such monthly payments until the houses built and connected to said sewer equal 250 in number."

The agreement was signed on behalf of the co-tenants by William Barclay, to wit:

"The Co-Tenants

"By /s/ William Barclay

William Barclay"

None of the other co-tenants signed the agreement individually and denied having given authority to Barclay to sign the agreement. The agreement contained the following provision:

"The co-tenants have authorized William Barclay to execute this agreement on their behalf as he has been empowered to do under the co-tenancy agreement."

It would appear that only thirty-three houses were constructed on said premises, and the City of Glendale brought suit against the defendants and others. The trial court granted the defendants' motion to dismiss, and the City of Glendale appealed. The Arizona Supreme Court in the prior decision of City of Glendale v. Barclay, supra, held, in determining the issues appearing in the pleadings under the facts alleged, that the defendants, as the original covenantors, remained liable even though they had transferred ownership of the land. The matter was reversed and remanded for further proceedings in accordance with the opinion.

An action against subsequent purchasers of the property was dismissed, and the lower court's action was affirmed by the Court of Appeals, in the matter of City of Glendale v. Arizona Savings and Loan Association in Receivership, supra. The Court of Appeals held that the agreement was neither a covenant running with the land, nor an equitable lien and that therefore the subsequent purchasers of the property were not liable on the contract.

The deposition of William Barclay was taken on 26 January, 1961. After the taking of his deposition, but prior to the trial, William Barclay was adjudicated a bankrupt, and was granted a discharge in bankruptcy. Trial was held 16 November, 1964, at which trial the deposition of William Barclay was admitted in evidence, over the objection of the defendants.

The court entered judgment in favor of the plaintiff, City of Glendale, against the defendants in the amount of $20,832, plus interest in the amount of $3,281.04. From said judgment defendants prosecute this appeal.

In attempting to show the authority of William Barclay to act for and on behalf of the co-tenants in negotiating and signing the contract in question with the City of

Glendale, the plaintiff, City of Glendale, relied primarily upon the deposition of William Barclay concerning the existence of a letter which allegedly authorized the said William Barclay to enter into and sign said contract for and on behalf of the co-tenants.

A reading of the transcript of the evidence in the trial below reveals that without the deposition of William Barclay the plaintiff has failed in its proof.

■ Rule 26(d), Rules of Civil Procedure, states in part as follows:

"USE OF DEPOSITIONS

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:

"1. * * *

"2. The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association which is a party may be used by an adverse party for any purpose." Rules of Civil Procedure, 26(d) (2), 16 A.R.S.

The plaintiff, City of Glendale, in offering the deposition in evidence recited Rule 26(d) (2), and stated as follows:

"So I think, of course, Mr. William Barclay was a party and we are entitled to use this deposition. We are an adverse party. He is a defendant and as the plaintiff we are entitled to use this deposition for any purpose. Of course, the purpose in using this is not only against Mr. Barclay but also against all the defendants."

It is the contention of the defendants that the plaintiff having been granted a discharge in bankruptcy as to any liability as a result of the suit in question, is no longer an adverse party within the meaning of the Rules of Civil Procedure. In order for William Barclay's deposition to be admissible "for any purpose", under this rule (26 [d] [2]), Barclay must not only be a party in the action, but the "party" introducing the deposition must be adverse to Barclay's position in the suit. Young v. Liddington, 50 Wash.2d 78, 309 P.2d 761 (1957). At the time the deposition was offered in evidence, Barclay was neither interested nor adverse to the position of the plaintiff:

"Appellant contends that the court erred in refusing to permit parts of the depositions of certain witnesses to be read into evidence. With respect to the witness, Mrs. Rauscher, the action having been dismissed as against her, she was no longer a party to the record. Neither was Mrs. Rauscher at the time of the taking of her deposition an officer, agent or employee of the respondent, having terminated her employment about six months after the accident. Under these circumstances, she does not come within the categories mentioned in the Code of Civil Procedure, section 2016(d) (2). This section permits the depositions of persons who come within the categories enumerated to be used by an adverse party for any purpose."

Vivion v. National Cash Register Company, 200 Cal.App.2d 597, 19 Cal.Rptr. 602 at 608 (1962).

We therefore hold that as to the deposition of a party as distinguished from an "officer, director, or managing agent of a public or private corporation, partnership, or association which is a party" (26 [d] [2], Rules of Civil Procedure, 16 A.R.S.) its admissibility and use by any adverse party "for any purpose" is to be determined by the facts which appear at the time the deposition is offered in evidence and not necessarily as they existed at the time the deposition was taken.

■ We are aware that the deposition discovery rules should be accorded a broad

and liberal treatment. O'Donnell v. Breuninger, D.C., 9 F.R.D. 245 (1949). But the right to take a deposition does not give the party the right to introduce the deposition in evidence without following the Rules of Civil Procedure and Evidence. This is all the more true when, by use of depositions, the right of cross-examination may be restricted and the hearsay rule emasculated.

■ Further, it is generally agreed that, under the facts in this case, while a deposition may be admitted against an adverse party, it may not be used against co-parties:

"Assuming that the plaintiff was able to enforce its right to obtain and in fact to proceed with the examination of the defendants Weiss and Gross before trial under the outstanding notice, that would not be of much aid to the plaintiff in the circumstances. For the depositions thus given could not be used by the plaintiff as against any of the other defendants. They could be used only as proof of the plaintiff's case in chief as against the specific adverse party examined, or as an admission against interest against that party, or in cross-examination of the party examined in the event he appeared as a witness upon the trial. A party examined before trial does not (where there are other parties defendant) become a general witness on all of the facts." Glens Falls Insurance Company v. Weiss, 6 Misc.2d 729, 150 N.Y.S.2d 685 at 688 (1956).

And:

"This is a deposition offered by an 'adverse party' in pursuance of Rule 26(d) 2, but as to the appellee, the deponent Brand is an ordinary witness. The statements excluded are thus in no sense admissions against interest of a party." Finn v. J. H. Rose Truck Lines, 1 Ariz. App. 27 at 33, 398 P.2d 935 at 941 (1965).

■ Plaintiff contends that even if the deposition could not be admitted under Rule 26(d) (2), Rules of Civil Procedure, that it would be admitted under Rule 26(d) (3) (ii) which provides:

"3. The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
"(i) * * *
"(ii) That the witness is at a greater distance than fifty miles from the place of trial or hearing, or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition." 26(d) (3) (ii), Rules of Civil Procedure, 16 A.R.S.

The record does not disclose that which would permit the deposition to be admitted in evidence under the provisions of Rule 26(d) (3), supra.

■■ While it is true that if there is sufficient competent evidence to sustain the judgment other than improperly admitted evidence, that the Court will sustain the judgment on appeal particularly when the court was sitting without a jury, American Eagle Fire Insurance v. Van Denburgh, 76 Ariz. 1, 257 P.2d 856 (1953), a review of the evidence discloses that without the testimony contained in the deposition of Barclay, the judgment cannot stand. The admission of the Barclay deposition in evidence was prejudicial error.

The appellants raised other matters which we do not feel necessary to consider in view of the conclusion reached concerning the deposition.

The judgment of the court below is reversed and remanded for further action not inconsistent with this opinion.

THOMAS TANG, Superior Court Judge, and W. E. PATTERSON, Superior Court Judge (Retired), concur.

NOTE: Chief Judge HENRY S. STEVENS and Judge FRANCIS J. DONOFRIO, having requested that they be relieved from consideration of this matter, Judge THOMAS TANG and Judge W. E. PATTERSON were called to sit in their stead and participate in the determination of this decision.