432 P.2d 597

**CITY OF GLENDALE, a municipal corporation, Appellant,**

v.

**Robert G. SKOK, Jack E. West, Loren Sederstrom, M. T. Donato, Sam J. Bartaluzzi and Donald P. Woods, Appellees.**

**I CA–CIV 502.**

Court of Appeals of Arizona.

Oct. 20, 1967.

Rehearing Denied Nov. 17, 1967.

Review Denied Dec. 19, 1967.

time is pre-empted by Station KOLD–TV for a local telecast.

Biaett & Bahde, by Kenneth Biaett, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Richard J. Woods, Phoenix, for appellee Woods.

Duecy, Turner & Moore, by Lewis Moore, Scottsdale, for appellees Skok, West, Donato and Bartaluzzi.

Kaplan, Wilks & Abrams, by Richard B. Wilks, Phoenix, for appellee Sederstrom.

MOLLOY, Judge.

This is an appeal from "judgment pursuant to mandate" for the appellees, Skok, et al. The mandate attempted to be implemented by the lower court's judgment was that entered by this court, Division One, reversing and remanding cause No. 121025 to the superior court of Maricopa county. Skok v. City of Glendale, 3 Ariz.App. 254, 413 P.2d 585 (1966).

The mandate issued in that case directed that the superior court " * * * comply with the opinion of this Court * * *." The opinion rendered " * * * reversed and remanded for further action not inconsistent with this opinion" a judgment entered in favor of the appellant, City of Glendale. On remand, the trial court granted Skok's motion "for judgment pursuant to mandate" against the city, and denied the city's motion for a trial setting of the action.

In the previous decision in this case, it was held that no proper foundation had been laid for the admission in evidence of a deposition, and as the deposition was indispensable to the city's case, a judgment rendered in its favor could not stand. It is the city's position, and the basis for this appeal, that the reversal of a case for the wrongful admission of evidence and a remand to the trial court for further action not inconsistent with the decision, requires a new trial of the cause. The city cites much authority for this proposition, and there is no opposing authority cited by the appellees.

However, the appellees have argued that this point may not now be raised because the question has previously been determined against the city by reason of the denial of a petition for writ of certiorari and/or mandamus by this court on July 27, 1966. This petition for special writ questioned the propriety of the judgment rendered below as to which an appeal is now taken on the

basis that it was not in compliance with the mandate of this court in the prior appeal. In response to this petition, this court made the following minute order:

> "IT IS ORDERED that the petition be taken under advisement.
>
> "Thereafter the judges conferred. It is the opinion of the Court that the trial judge had the jurisdiction to enter the judgment which is now in question and that *said judgment is consistent with the opinion* and with the mandate.
>
> "IT IS FURTHER ORDERED quashing the petition." (Emphasis added)

A motion for rehearing was filed as to this order, and in response thereto, this court entered the following order:

> "The motion for rehearing and the opposition thereto have been considered by the Court. The Court finds no fault with the remedy chosen by the petitioner was appropriate. [sic]
>
> "It is the opinion of the Court that the order complies with the requirements of Supreme Court Rule 47(d), the first paragraph of said rule being as follows:
>
>> " '47(d) Extraordinary Writs. In the event the Court of Appeals declines to issue an extraordinary writ in pursuance of Rule 1(c), Rules of the Supreme Court, and there is no formal written decision, the reason therefor shall be set forth in the court's minutes.'
>
> "IT IS ORDERED denying the Motion for Rehearing."

No writ of certiorari or alternative writ of mandamus was ever issued. Thereafter, a motion to dismiss this appeal, on the basis that the orders of this court in the special writ proceeding were determinative, was denied.

■ We have previously taken a view contrary to the contention advanced that the denial of a petition for special writ becomes the law of the case. McRae v. Forren, 5 Ariz.App. 465, 428 P.2d 129 (1967). We adhere to that decision and hold that the denial of a special writ in this case is not determinative of this appeal.

■ We now reach the problem of interpreting the decision of this court reversing and remanding the trial court for the wrongful admission of evidence. The mandate of the appellate court is the controlling document. Harbel Oil Co. v. Superior Court of Maricopa County, 86 Ariz. 303, 345 P.2d 427 (1959). This mandate by its express verbiage leads us to the written opinion of the court and hence we must look to the opinion in the prior appeal to determine the judicial action taken. Muller Enterprises, Inc. v. Gerber, 180 Neb. 318, 142 N.W.2d 593 (1966).

■ The general law appears to be that when the appellate court reverses and remands a cause, without directions, the appellate decision requires a new trial. Newcomb v. Burbank, 182 F. 954 (S.D.N.Y. 1910); Kinney v. Lindgren, 373 Ill. 415, 26 N.E.2d 471 (1940); Sperry's Estate v. Sperry, 189 Miss. 321, 196 So. 653 (1940); Gray v. Defa, 107 Utah 272, 153 P.2d 544 (1944); Feinstein v. McGuire, 312 S.W.2d 20 (Mo.App.1958); People ex rel. Department of Public Works v. Lagiss, 223 Cal. App.2d 23, 35 Cal.Rptr. 554 (1963); Bate v. Marsteller, 232 Cal.App.2d 605, 43 Cal. Rptr. 149 (1965); 5 Am.Jur.2d Appeal and Error § 955, p. 381; 5B C.J.S. Appeal and Error § 1986, pp. 630–632.

We find no inconsistent law in this state. By dictum, in Crouch v. Truman, 84 Ariz. 360, 328 P.2d 614 (1958), our Supreme Court said:

> "Whether a reversal without direction necessitates a new trial depends on the intention of the appellate court and generally if such reversal is for an error committed during the trial, it will be interpreted as requiring new trial * *." 84 Ariz. at 362, 328 P.2d at 615.

The adjudication made by this court in the prior appeal cannot be varied in its import by the language used in the subsequent order denying a special writ. The final decisions of this court are integrations required by law. A.R.S. § 12–120.07. As such, they are subject to the parole evidence rule. 9 Wigmore, Evidence § 2450 (3d ed. 1940). The purpose of the parole evidence rule is to lend stability to integrated written expressions of intent. Carillo v. Taylor, 81 Ariz. 14, 26, 299 P.2d 188 (1956). Judicial proceedings, by their very nature, are an appropriate area for the application of this substantive law. Hensley v. Langmade, 80 Ariz. 1, 291 P.2d 781 (1955); State v. Anders, 1 Ariz.App. 181, 400 P.2d 852 (1965).

Taken in the context of the reason for the reversal, we believe it is clear that a new trial was being ordered by this reversal without directions. This is not the case of no evidence at all being offered on a critical issue, as in Shetter v. Rochelle, 2 Ariz.App. 358, 409 P.2d 74 (1965), modified on rehearing, 2 Ariz.App. 607, 411 P.2d 45 (1966), but a case in which the necessary evidence was offered and erroneously admitted. It would be manifest injustice for a litigant, otherwise entitled to prevail, to be denied his legal due because a trial judge wrongfully admitted criticial evidence on insufficient foundation when the litigant might very well have laid a proper predicate for the evidence if the right ruling had been made. We hold that the granting of a new trial was the only course open to the trial court "not inconsistent" with the previous opinion of this court.

The judgment is reversed with directions to the superior court of Maricopa county to grant the appellant a new trial.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.