445 P.2d 446

**Robert P. VIDAL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Defendant Insurance Carrier,**

**Pima County Highway Department, Defendant Employer, Respondents.**

**No. 1 CA–IC 162.**

Court of Appeals of Arizona.

Sept. 30, 1968.

Rehearing Denied Nov. 8, 1968.

Review Denied Dec. 17, 1968.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert D. Steckner, Chief Counsel, Phoenix, by Spencer K. Johnston, Tucson, for respondent Industrial Commission of Arizona.

STEVENS, Judge.

This claim is before us for the second time and must again be resolved based upon procedural errors. Our first consideration of the claim culminated in the opinion reported as Vidal v. Industrial Commission, 3 Ariz.App. 529, 416 P.2d 208 (1966). The 1966 opinion contains a careful review of the procedures before the Commission, a review which will not be repeated in this opinion.

A brief statement as to the background is appropriate. Vidal was injured on 19 July 1960. The matter was brought before the Commission in a timely manner, the claim was administratively processed and, without a formal hearing, the Commission entered its first Award on 5 April 1962. By this document the Commission found that Vidal " * * * has no physical disability resulting from said accident". Within twenty days after the Commission's action Vidal, over his personal signature, filed a "Petition and Application for Rehearing". No formal hearing was granted and the petition was denied by Commission action taken on 3 May 1962. Thereafter numerous procedures occurred and, it is urged by the Commission, that Awards were entered in relation to these procedures. These matters are outlined in our 1966 opinion.

The 1962 Vidal petition above referred to was prepared in form and in content under the advice of Commission employees. In our 1966 Vidal opinion, 3 Ariz.App. at page 530, 416 P.2d at page 209, we stated:

"We held in Salmi v. Industrial Commission, 3 Ariz.App. 411, 415 P.2d 126 (1966) that the formal hearing is a matter of right, and the party requesting it need not state reasons for the request although the forms furnished by the Industrial Commission appear to require a statement of the reasons. * * *"

Our opinion set aside the 3 May action of the Commission and concluded with the

following sentence (Page 533, 416 P.2d page 212):

> "The formal hearing is a matter of right. Claimant is entitled to a hearing based on his original protest."

Rule 47(c) of the Rules of the Arizona Supreme Court, 17 A.R.S., requires that this Court issue a mandate which evidences the termination of the judicial process in the matter then under consideration. The mandate issued and the critical portion thereof recited:

> "NOW, THEREFORE, YOU ARE COMMANDED that such proceedings be had in said cause as shall be required to comply with the opinion of this Court, a copy of the opinion being attached hereto."

It is our view that there was no possible conflict between our 1966 Vidal opinion and the mandate issued pursuant to Rule 47. The compliance or non-compliance with a mandate was one of the issues in Harbel Oil Company v. Superior Court, 86 Ariz. 303, 345 P.2d 427 (1959). In the Superior Court the attorneys apparently felt that there was an area of uncertainty in the interpretation of a prior Supreme Court opinion on the one hand and the interpretation of the mandate in relation to that opinion on the other. In the Harbel case the Arizona Supreme Court resolved the issue holding that there was no conflict. The issues were presented in Harbel in an original proceeding seeking extraordinary relief in relation to the trial court. One of the grounds urged was: " * * * that the respondent court is exceeding its jurisdiction on remand by * * * failing to obey the mandate of this Court * *". (86 Ariz. at 306, 345 P.2d at 429.) The Arizona Supreme Court on the same page of the opinion stated:

> "To resolve the issues now before us will require an analysis of the holding and the terms of the mandate in No. 6155, in order to determine whether there is any support therein for petitioner's contentions."

In the course of the Harbel opinion the Supreme Court analyzed its prior opinion and on page 308 of 86 Arizona, 345 P.2d on page 429, quoted its prior mandate as follows:

> "[The Court did] file its opinion and enter its order reversing the judgment appealed from, and remanding the case for further proceedings not inconsistent with the opinion. * * *

> "You therefore are hereby commanded that such proceedings be had in such cause, as according to right and justice, and to law, ought to be had, the said appeal notwithstanding."

The Supreme Court expressed its opinion that "Neither the mandate nor the opinion itself contains any specific order directed to the trial court". (Pages 308 and 309, 345 P.2d page 430.) It is our view that the last quotation from Harbel applies equally to the 1966 Vidal opinion and its mandate.

Following our 1966 Vidal opinion a formal Industrial Commission hearing was held on 18 January 1967. The clear import of the statement of the referee, the statements of counsel for the Commission in the present proceeding and the recitations set forth in the 11 April 1967 Award which followed the January 1967 hearing is that the Commission and its several aids construed our opinion as a mandate to conduct a formal hearing which was limited to the correctness of the April 1962 Award. This construction cannot be sustained.

■■ The judicial authority to review the Awards of the Commission was first vested in the Arizona Supreme Court and is now vested in this Court. The authority granted to each of these Courts is in the same statutory language and is limited to " * * * either affirming or setting aside the award". A.R.S. § 23–951, subsec. D. This does not mean that the court is without the power to make suggestions as distinguished from directives or mandates. When the court exercising judicial review sets aside an award the legal effect is as though the vacated award had never been

entered. At the Industrial Commission hearing following a court opinion the matter is not re-heard and re-determined as of the date of the vacated award but is re-heard and re-determined as of the date of the hearing. Where, as here, the Award of 1962 was set aside, this judicial action of necessity and as a matter of law, vacated all apparent awards entered after the 1962 Award in question. This must be the rule in that the 1962 Award was the foundation of all subsequent action and the foundation having collapsed, the award structure based upon the foundation also collapses.

These principles are not new in Arizona. In King v. Alabama's Freight Company, 40 Ariz. 363, 12 P.2d 294 (1932), the legal effect of a Supreme Court opinion setting aside an Award of The Industrial Commission was considered. In *King*, The Industrial Commission had entered an Award denying compensation. The Supreme Court granted certiorari and found that the evidence did not support the Commission's Award, hence set the Award aside. Thereafter The Industrial Commission held a de novo hearing at which evidence, both old and new, was taken covering all the material issues necessary to a determination of whether petitioner was entitled to compensation. The Commission then entered an Award denying compensation, the petition again came before the Supreme Court for review. The main contention was that the Commission was without jurisdiction to reopen the case for the taking of any evidence upon any issue except as to the amount of compensation to be paid the petitioner. The Commission countered this argument asserting that the effect of setting aside an Award is similar to the remanding of a case to the Superior Court for a new trial and, therefore, any new Commission proceeding is de novo in nature thereby permitting consideration of both new and old evidence.

After noting that The Industrial Commission is a body, judicial in nature, and bound by the same principles as the courts, the Supreme Court addressed itself to the effect of setting aside of an Industrial Com-mission Award by a court, stating at page 374 of 40 Ariz at page 298 of 12 P.2d:

"* * * We hold that when an award of the Industrial Commission is set aside the effect of such order is to remand the case to the commission for a trial de novo, and that it is not only the right but the duty of the commission, if any new evidence is available which will throw more light upon the case, to see that such evidence, if admissible under the rules of law, is properly presented, so that its final award may be based upon the true facts."

A similar case is Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 276 P.2d 534 (1954) where the court stated:

"When an award is set aside, it is the right and duty of the commission to reconsider all of the issues of fact involved in the proceedings, including the taking of new evidence if available. In other words, there must be a trial de novo."

See also Denver & R. G. W. R. Company v. Industrial Commission of Utah, 74 Utah 316, 279 P. 612 (1929) wherein the court, at page 613 of 279 P., stated:

"An annulment of an award has the same effect as a reversal of a judgment. When this court made its order on the former review of this case, the annul-ment was absolute and in no sense limited to any particular part of the award. When the case was remanded back to the Industrial Commission, the parties were entitled to appear before the Commission to 'obtain a "final determination of the right" in the same manner and to the same extent as if their cause had never been heard or decided by any court.'"

In many instances in the Superior Court a trial de novo after an appeal is limited to the facts and issues relating to a date preceding the commencement of the litigation. A trial de novo in personal injury litigation may well involve the physical condition of the plaintiff as of the date of the new trial and the causal relationship of that.

condition to the accident. These observations are of even greater significance in Workmen's Compensation matters for, unlike civil litigation, there are statutory rights to reopen Commission matters in relation to changed physical conditions. See A.R.S. § 23–1061, subsec. C and Industrial Commission Rule 64.

It would not be possible to proceed with a de novo hearing following this current opinion upon the issues which could be framed and presented in the light of Vidal's early 1962 petition, the legal effect thereof having been heretofore judicially determined, and at the same time have the parties faced with binding awards entered in point of time subsequent to the vacated 1962 Award. In the January 1967 hearing and in the April 1967 Award, the Commission erred in limiting the issues to the petitioner's 1962 physical condition and to the causal relationship between that condition and the injury. The April 1962 Award, having been timely protested and a hearing requested, is not final. The file reflects that the petitioner strenuously urges a continued and increasing disability causally related to the 1960 injury together with other issues so related. In the hearing to be held following this opinion, all matters up to the date of the hearing are available for consideration in the same manner as though the hearing following this opinion was the first formal "a matter of right" hearing granted to the petitioner following his timely action in relation to the April 1962 Award. This will not be an A.R.S. § 23–1061, subsec. C situation.

It may be urged that there could be periods of time between the injury and the hearing following this opinion wherein Vidal experienced no physical functional disability causally related to the injury, followed by periods of time wherein there is such causally related disability. We express no opinion as to the soundness of these potential assertions as they are factual considerations. In our opinion the possibility of a proper factual foundation for such assertions creates no problem. We have reviewed Awards of this character.

The Award of 11 April 1967 and all Awards entered after the petitioner's early 1962 petition are set aside.

CAMERON, C. J., and DONOFRIO, J., concur.