450 P.2d 722

**TUCSON GAS & ELECTRIC COMPANY, Petitioner,**

**v.**

**SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF PIMA, and John P. Collins, a Judge thereof, Respondents;**

**BOARD OF SUPERVISORS OF PIMA COUNTY, a body politic; Glens Falls Insurance Company; the Employers Insurance Group; the Home Insurance Company; and the Fireman's Fund American Insurance Companies, Real Parties in Interest.**

No. 2 CA–CIV 659.

Court of Appeals of Arizona.

Feb. 20, 1969.

Rehearing Denied March 12, 1969.
Review Denied April 22, 1969.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for petitioner.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for respondents.

MOLLOY, Chief Judge.

This petition for special writ questions the action proposed by a judge of the superior court to implement a decision previously rendered by this court—Tucson Gas, Elec. L. & P. Co. v. Board of Supervisors, 7 Ariz.App. 164, 436 P.2d 942 (1968), on rehearing, Richardson v. Industrial Commission, 7 Ariz.App. 429, 440 P.2d 113 (1968), petition for review denied June 25, 1968.

In this appeal, this court originally rendered a unanimous opinion reversing the plaintiff's judgment rendered below and directing that judgment be entered for the defendant, 436 P.2d 942, 944. In its rehearing opinion of April 24, 1968, endorsed by a majority of the court, it was indicated that the disposition of the case was modified so that

"* * * the judgment below be reversed with instructions to the trial court to permit the real parties in interest [various fire insurance companies] to file an amended complaint within a reasonably prompt time after the remand of this action to the trial court, which amended pleading will have relation back to the filing of the original complaint." 440 P.2d 113, 116.

The rehearing opinion indicates that, in violating the real-party-in-interest rule, the insurance companies who had fully compensated Pima County for this fire loss had gained an unfair advantage by concealing from the jury, composed of Pima County citizens, the fact that the plaintiff,

Pima County, had no real interest in the action. 440 P.2d 113, 115.

The mandate of this court which remanded this litigation to the trial court stated:

"* * * the judgment of the said Superior Court in this cause, on appeal be, and the same is hereby reversed *with direction to enter judgment for the defendant in this action*, in accordance with the opinion of this court filed January 31, 1968. A Supplemental Opinion on Motion for Rehearing was filed April 24, 1968, Rehearing granted in accordance with the opinion of this court." (Emphasis added.)

After remand to the trial court, and after an amended complaint had been filed, adding as parties plaintiff the fire insurance companies, the plaintiffs moved for judgment on the basis that the issue of liability had been determined favorably to them in the prior trial and that there was no issue as to the amount of damages, inasmuch as this had been stipulated between the parties to the prior complaint. Over objection of the defendant, that such action would be a violation of the decision of this court, the trial court rendered a memorandum opinion and order granting plaintiffs' motion for judgment and directing plaintiffs' counsel to prepare and submit an amended judgment in plaintiffs' favor for the signature of the court. In its opinion, the trial court has indicated that it was "* * * the obvious intent. * * *" of this appellate court to require the action to be retried but that this intent would not be carried out by the trial court because of its being contrary to the teachings of Bryan v. Southern Pacific Company, 79 Ariz. 253, 261, 286 P.2d 761, 766, 50 A.L.R.2d 1 (1955). In its opinion, the trial court did not concern itself with the verbiage of the mandate issued by this court, but rather with the language of the two appellate opinions rendered.

The mandate, above quoted, appears, at best, to be ambiguous and confusing, and, at worst, to be directly contrary to the in-

tent of the rehearing opinion. Taken literally, it would require that final judgment be entered for the defendant, a result 180° out of phase with the action now proposed to be taken by the trial court.

In City of Glendale v. Skok, 6 Ariz.App. 342, 344, 432 P.2d 597, 599 (1967), this court stated, in connection with a problem of interpreting a prior decision of this court, that: "The mandate of the appellate court is the controlling document." To support this statement, we cited Harbel Oil Co. v. Superior Court of Maricopa County, 86 Ariz. 303, 345 P.2d 427 (1959). On rereading this opinion of our Supreme Court, we find no categorical holding to this effect, though the reasoning of the Court lends itself to this conclusion.[1]

In the country as a whole, there is a split of authority as to which document controls when there is an inconsistency between the mandate and the opinion of an appellate court. See 5B C.J.S. Appeal and Error § 1963, at 541. A decision holding that the mandate is controlling is People ex rel. v. Scanlan, 294 Ill. 64, 128 N.E. 328 (1920). Decisions holding to the converse are: State ex rel. Del Curto v. District Court of Fourth Judicial District, 51 N.M. 297, 183 P.2d 607 (1947); Sherrill v. Sovereign Camp, W. O. W., 184 Okl. 204, 86 P.2d 295 (1938).

In this last-cited Oklahoma decision, the court noted that mandates are customarily prepared by a clerk working with a form and that members of the court give scant attention to their verbiage. The embarrassingly inadequate mandate issued by this court in this appeal demonstrates that this observation is pertinent to the practice followed until now[2] in this division of this court.

■ The procedural posture of this special writ proceeding leaves opportunity to avoid either overruling or reaffirming the categorical view expressed in Skok that the mandate is the "controlling document." Obviously, the mandate issued here is not an appropriate one to effectuate the intent of the rehearing opinion, and, in the "interests of justice," we have the power and the duty to recall the mandate and issue an appropriate one to make explicit the intent of this court as expressed in its rehearing opinion. Lindus v. Northern Insurance Company of New York, 103 Ariz. 160, 438 P.2d 311 (1968); and see Meredith v. Fair, 306 F.2d 374 (5th Cir. 1962). This we do by separate order.

■ The problem still remains, however, as to whether the trial court has the authority to transgress upon the "obvious intent" of this court and to follow its interpretation of a decision of the Supreme Court in another action. It is our view that it has no such authority.

■ Generally, the final decision of an intermediate appellate court, when not reviewed or otherwise set aside by an appellate court of higher authority, has the same finality as a decision of the highest court. Allen v. California Mut. Building & Loan Ass'n, 22 Cal.2d 474, 139 P.2d 321 (1943); and see 5 Am.Jur.2d Appeal and Error § 747, at 191. The reasons for the doctrine of law of the case are just as applicable to a final decision of an intermediate appellate court as to the decision of the highest court in the judicial hierarchy. The function of courts is to put an

---

1. In *Harbel Oil*, the Court stated:
   "*Second*, petitioner insists that respondent judge refuses to obey the clear mandate of this Court, issued in conjunction with its decision. This position too, if true, would justify issuance of the extraordinary writs now sought, *since the trial court's jurisdiction on remand is delimited by the terms of the mandate.* Vargas v. Superior Court, 60 Ariz. 395, 138 P.2d 287. To resolve the issues now before us will require an analysis *of the holding and the terms of the mandate* in No. 6155, in order to determine whether there is any support therein for petitioner's contentions." (Emphasis added.)
   86 Ariz. 303, 306, 345 P.2d 427, 429.

2. The members of this court have now agreed that no mandates will issue unless approved by a member of the court.

end to litigation. If final decisions, whether they be of the trial court, when there has been no appeal, or that of an intermediate court, when there has been no review granted, are not given this finality, then the prime goal of the judicial process will be proportionately defeated.

The Supreme Court has adopted the view that its decisions are the law of the particular case and that " * * * the trial court's jurisdiction on remand is delimited by the terms of the mandate." Harbel Oil Co. v. Superior Court of Maricopa County, 86 Ariz. 303, 306, 345 P.2d 427, 429 (1959). This intermediate appellate court has expressed the opinion that its decisions, "right or wrong," when not reviewed by the Supreme Court, control subsequent proceedings in a particular cause. Temp-Rite Engineering Co. v. Chesin Construction Co., 3 Ariz.App. 229, 231, 413 P.2d 288, 290 (1966). This law is controlling here.

 We agree that it was the obvious intent of the rehearing opinion to require a retrial of this action. While there is no language explicitly directing a retrial, the opinion clearly stated that the judgment below was "reversed." 440 P.2d 113, 116. There is no verbiage in the opinion that would negate the requirement of a new trial. Upon a reversal, without instructions, generally a new trial is required:

"The general rule is that a reversal of a judgment restores the parties to the same position as if the action had never been tried."

Markel v. Transamerica Title Insurance Co., 103 Ariz. 353, 362, 442 P.2d 97, 106 (1968).

Law to the same effect was pronounced in *Skok*:

"The general law appears to be that when the appellate court reverses and remands a cause, without directions, the appellate decision requires a new trial. [numerous citations follow]"

6 Ariz.App. 342, 344, 432 P.2d 597, 599.

 There is no reason to deviate from this general law here, particularly in view of the language in the rehearing opinion indicating that, in the view of this court, the defendant was prejudiced in the determination of the liability issue by the failure to follow the real-party-in-interest rule.

Accordingly, the petition for special writ is granted and the rendition of this opinion shall constitute a peremptory writ prohibiting the trial court from rendering the judgment proposed until such time as there might be factual determinations to justify it.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.